WILLIAM LEFFERMAN *vs.* EMMA RENSHAW, by her next friend, WILLIAM RENSHAW.

*Construction of an Agreement to sell certain property at a Stipulated price in Gold or its equivalent in Currency—Waiver.*

C. agreed to sell L. his heirs and assigns within ten years from the 14th of September, 1864, certain lots of ground for the sums specified, in gold or its equivalent in currency. It was further agreed that in case L. or his assigns should sell any of said houses, or he should purchase the same for himself, (except the Tan-yard property now under ground rent) at any time for gold, or its equivalent in currency, in the time specified * * * * C. would execute to L. or his assigns a good and sufficient deed for said property * * * * After the death of C. and within the ten years, L. concluded to take the Tan-yard property, one of the lots mentioned in the agreement, and tendered to R. the daughter of C. to whom the property had been bequeathed, four thousand dollars in currency. C. accepted the sum thus tendered, and executed and delivered to L. a deed for the property. At the date of the deed the premium on gold was ten per cent. On a suit brought by C. against L. to recover the difference in value between the amount paid in currency and the same amount in gold, it was HELD:

1st. That under the agreement the purchase money was payable in gold or its equivalent in currency.

2nd. That if the plaintiff intended to insist upon the payment in gold she should have objected to the payment in currency when it was tendered by L.

3rd. That having accepted payment in currency, and having executed and delivered a deed for the property, the presumption was, in the absence of proof to the contrary, that the plaintiff waived a compliance with the terms of the agreement.

4th. That the plaintiff was not entitled to recover.

APPEAL from the Baltimore City Court.

On the 14th of September, 1864, William C. Conine agreed to sell to the appellant, his heirs and assigns, within ten years from said date, certain lots of ground in the

City of Baltimore, for the sums specified in the agreement, in gold or its equivalent in currency. It was "further agreed that in case said Lefferman or his assigns should sell any of said houses, or he should purchase the same for himself (except the Tan-yard property now under ground rent) at any time for gold, or its equivalent in currency, in the time specified of ten years, provided, all back rent now due, and all accruing rent which may become due is paid to said Conine or his assigns, he agrees to execute to said Lefferman or his assigns, a good and sufficient deed for said property, subject to a reasonable rent on each lot, or in case said Lefferman should desire it, the said Conine will execute to him or his assigns a deed in fee for each separate lot of ground and house, on the payment of what may be due on each of said houses and lots." After Mr. Conine's death, and within the ten years, the appellant concluded to take one of the lots mentioned in said agreement, with the improvements thereon, known as the Tan-yard property, and tendered to the appellee, the daughter of the said Conine to whom he had bequeathed said property, four thousand dollars in currency. The appellee accepted the sum thus tendered, and executed and delivered the deed for the property to the appellant. Shortly thereafter she instituted this suit against the appellant to recover the difference in value between the amount thus paid in currency, and the same amount in gold, contending that by the terms of the agreement between her father and the appellant, the purchase money was payable in gold or its equivalent in currency. It was admitted that at the date of the deed the premium upon gold was ten per cent.

*Exception.*—The plaintiff prayed the Court to instruct the jury: That by the true interpretation of the agreement of September 14th, 1864, the plaintiff was entitled to receive in payment of the lot mentioned therein as the Tan-yard property, the sum of four thousand dollars in

gold, or its equivalent in currency, and it being admitted that the plaintiff received only four thousand dollars in currency, as a consideration for the deed of the ninth day of December, 1873, she is entitled to recover such additional sum as the jury shall find to have been the premium upon $4,000 in gold, on the ninth day of December, 1873, with interest.

And the defendant asked the Court to instruct the jury as follows:

1. That the deed executed by Mr. and Mrs. Renshaw, to William Lefferman, for the consideration of four thousand dollars, if no mistake occurred at the time, is binding on them as to the consideration, and if the said William Lefferman did not agree to purchase for any greater consideration than the said four thousand dollars, and no other consideration was demanded from him at the time of the delivery of the said deed, then the plaintiff is not entitled to recover.

2. If the jury find from the evidence that William Lefferman purchased the Tan-yard property from Mrs. Renshaw, as the heir of William C. Conine, and at the time of the purchase the said agreement and deed produced in evidence were before the grantor, and the purchaser paid all of the consideration stated in the said deed, and at the time of the execution of the said deed no mistake was made, then the plaintiff is not entitled to recover.

3. That the exception in the agreement of the Tan-yard property means that the Tan-yard property was not meant to be included in the agreement to purchase for gold.

The Court, (BROWN, J.,) granted the prayer of the plaintiff and rejected the prayers of the defendant. The defendant excepted and the verdict and judgment being against him he appealed.

The cause was argued before BARTOL, C. J., BOWIE, STEWART, ALVEY and ROBINSON, J.

*William H. Cowan,* for the appellant.

*Charles Poe* and *John P. Poe,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

William C. Conine, the appellee's father and testator agreed to give the appellant *the refusal for ten years,* of certain lots of ground in Baltimore City, at certain prices named in the written agreement executed between them. The appellant within the time prescribed, concluded to take a certain lot with improvements thereon, known as "the Tan-yard property," and tendered to the appellee, four thousand dollars in currency, being the sum named in the contract for the said property. The appellee accepted the sum thus tendered, and executed and delivered a deed to the appellant. She now contends, however, that by the terms of the agreement between her father and the appellant, the purchase money was payable in gold, or its equivalent in currency, and this suit is brought by her to recover the difference on the amount thus paid between gold and currency.

There is some obscurity in the agreement in regard to the character of the purchase money, but taking the whole agreement together, we are of opinion that it was payable in gold or its equivalent in currency. Such is the legal effect of the agreement, and yet if the appellee intended to insist upon the payment in gold, it was clearly her duty to have objected to the payment in currency, when it was tendered by the appellant. He was under no obligation to purchase the property, on the contrary, it was entirely optional with him to take it or not, and when the appellee accepted payment in currency and executed and delivered a deed of the property, in the absence of proof to the contrary, the presumption is that she waived a compliance with the terms of the agreement.

There is not a particle of proof to show *mistake, surprise or fraud,* nor is there any *evidence* which would lead us to infer that the appellant would have taken the property if payment in gold had been demanded. One thing is clear, if such demand had been made, or if the appellee had objected to payment in currency, he could have declined to take the property.

Under such circumstances we do not think the plaintiff is entitled to recover.

*Judgment reversed, and new trial awarded.*

(Decided 16th June, 1876.)