EMMA RENSHAW, by her next friend, WILLIAM REN-
SHAW *vs.* WILLIAM LEFFERMAN.

*Construction of an Agreement to Sell certain Property at a
Stipulated Price in Gold, or its Equivalent in Currency—
Mistake of Both Parties necessary for a ground of Action—
Tender.*

The appellee under a written contract, had the option to purchase cer-
tain property for $4000 in gold. The appellant's husband united
with her in a deed conveying the property to the appellee for $4000
in currency. Afterwards, the discrepancy between the contract
and the deed was noticed, and suit was brought to recover the dif-
ference in value between gold and currency on the ground of mis-
take on the part of the husband. HELD:

1st. That the mistake that might furnish the plaintiff a ground of
action should be a mutual mistake of both parties.

2nd. That in order to sustain the action, the plaintiff should have
tendered back the equivalent of what she had received, so that the
defendant could have been placed in a position to exercise the
option to return the property, or hold on to it and pay the difference
demanded.

APPEAL from the Baltimore City Court.

This is the second appeal in this case; the first is
reported in 45 *Md.*, 119–123. The case is stated in the
opinion of the Court.

*Exceptions.*—At the trial the defendant asked the Court
to instruct the jury as follows:

That the deed executed by Mr. and Mrs. Renshaw to
William Lefferman, for the consideration of four thousand
dollars, if no mistake occurred at the time, is binding on
them as to the consideration, and if the said William
Lefferman did not agree to purchase for any greater con-
sideration than the said four thousand dollars, and no

other consideration was demanded from him at the time of the delivery of the said deed, then the plaintiff is not entitled to recover.

The Court (PINKNEY, J.) granted this prayer; the plaintiff excepted; and the verdict and judgment being for the defendant, the plaintiff appealed.

The cause was argued before BARTOL, C. J., BOWIE, MILLER and ALVEY, J.

*John P. Poe*, for the appellant.

The appellee had the right to buy the property for $4000 in gold, or its equivalent in currency, at any time within ten years from September 14, 1864. Within these ten years, viz: in December, 1873, he notified the plaintiff (the then owner of the property) that he would exercise this right. No other agreement was made or proposed. By the mistake of her agent, without her knowledge or consent, in ignorance of the facts as to the precise price, upon the payment of which alone the appellee was entitled to buy, the deed was inadvertently delivered upon the payment of $400 less than the plaintiff was entitled to receive, and the defendant bound to pay if he wished to claim his rights under the agreement.

It was, of course, competent for her to waive her right to exact the terms of the bargain. She could have remitted to him a half or the whole of the price, had she chosen to do so; but, surely, under the language of this Court upon the former appeal, she should have been permitted to show that she had not waived her legal right to exact the whole, and knowingly consented to accept $4000 when she had a right to demand $4400.

The defendant's prayer, granted by the Court, should have been rejected. It seems to concede that the deed was not binding if a mistake had occurred at the time; but having succeeded in excluding all evidence of mistake, such a concession was not dangerous.

It is, moreover, defective, because it is directly contrary to the evidence in this, viz: in assuming that the defendant did not agree to purchase for any greater sum than the said $4000—meaning thereby the $4000 mentioned in the deed.

The only evidence of his agreement as to the price is that specified in the contract of September 14, 1864. None other was made or proposed on either side. In notifying the appellant's husband that he proposed to buy under the terms of that contract, he necessarily bound himself to pay the price therein mentioned. This price he did not fully pay; nor did the plaintiff waive her right to demand it, or release him from his legal obligation.

The parol proof proposed does not contradict the terms of the deed, for the obvious reason that at its date there were two kinds of lawful money of the United States; and the purpose of the evidence simply was to show which kind the plaintiff was entitled to receive, and the defendant bound to pay in order to comply with the terms of his contract.

The instruction given by the Court to the jury is also erroneous—in this, that it declares, as matter of law, that the deed executed by Mr. and Mrs. Renshaw to William Lefferman is binding on them as to the consideration.

This construction is contrary to the well-settled rule, that although a party is estopped from proving any consideration repugnant to, or different in character from, the consideration stated in the deed, evidence is always admissible, either on the part of the grantor or the grantee, to show that the consideration named in a deed was really greater or less than is there expressed. *Bullard vs. Briggs*, 7 *Pick.*, 533; *Clapp vs. Tirrell*, 20 *Pick.*, 247; *McCrea vs. Purmort*, 16 *Wend.*, 460; *Bourbank vs. Gould*, 15 *Maine*, 118; *Belden vs. Seymour*, 8 *Conn.*, 310; *Beach vs. Packard*, 10 *Ver.*, 96; *Watson vs. Blain*, 12 *S. & R.*, 131; *Wilson vs. Shelton*, 9 *Leigh*, 342; *Moore vs. McKee*, 5 *S. & M.*, 438; *Bladen vs. Wells and Wife*, 30 *Md.*, 581.

*William H. Cowan,* for the appellee.

The whole issue in this case has been passed upon in the former trial. The materiality of the testimony proper to be adduced is fully and clearly shown by the opinion of this Court. It is impossible to go wrong if the eyes are open. The language conveys no doubtful order or command. . It explicitly says, you have made a contract, and it is binding, unless because of fraud, accident or mistake it be voidable or void. As to *fraud* it is idle to speak, because Lefferman never thought of defrauding any one in the transaction; nor is there a scintilla of testimony on that subject. *Accident* does not enter into the case in any degree, or in any aspect in which it can be viewed. All that remains on which to hang a claim is *mistake.* No sort or conception of a mistake can be made out, that would justify a Court to sustain this claim. The Court cannot make a contract for Lefferman; yet the plaintiff calls upon the Court to say that Lefferman made a different contract from the one that he says he made, and intended to make. 1 *Russ.*, 353; 5 *Russ.*, 147; *Leonard vs. Leonard,.* 2 *Ball & B.,* 171; *Stewart vs. Stewart,* 6 *Cl. & F.,* 911; *Ray & Thornton vs. Bank of Kentucky,* 3 *B. Monroe,* 510; *Goldsborough vs. Ringgold,* 1 *Md. Ch.,* 239; *Nat'l Ins. Co. vs. Crane,* 16 *Md.,* 260; *Watkins vs. Stockett,* 6 *Har. & J.,* 435; 1 *Story's Eq. Juris., secs.* 149, 151, 155, *&c.; Gump's Appeal,* 65 *Pa. St.,* 476.

The mistake must be mutual to entitle the complaining party to a remedy at law. If a party does not intend to bind himself to any other than the written agreement, the other party has no legal claim against him. A right to recover must arise out of the contract: it must be the *aggregatio mentium* of the parties; not the intent of one, but of both. If Lefferman carried out his contract, and all that he ever intended to pay he has paid, the plaintiff has no standing in Court. The defendant did not intend to perform the contract of 1864. He made an offer; it

was accepted, and he performed it. He cannot be held for what he did not agree to. *Philpot vs. Elliot,* 4 *Md. Ch. Dec.,* 273; *Wood vs. Patterson,* 4 *Md. Ch. Dec.,* 335; *Hall vs. Claggett,* 2 *Md. Ch. Dec.,* 151.

There was no fraud, no accident, no surprise, no mistake in this case. The defendant paid his money according to the recital in the deed. He did not agree to pay any more. 1 *Perry on Trusts,* secs. 184–86, &c; *Sawyer vs. Hovey,* 3 *Allen,* 331; *Gillespie vs. Moore,* 2 *Johns. Ch. La.,* 585; *Andrews vs. Essex Ins. Co.,* 3 *Mason,* 10; 1 *Story's Eq. Jur.,* sec. 157, &c.; *Starrs vs. Barker,* 6 *Johns. Ch.,* 169; *Hunt vs. Ransmaniere,* 1 *Pet.,* 1.

The appellant does not contend that testimony would not be admissible to shew the true consideration for the making of the deed; not to contradict or vary the contract, "but to corroborate, explain and fortify the deed." *Lingan vs. Henderson,* 1 *Bl.,* 249; *Woollen's Ex'rs, et al. vs. Hillen's Ex'rs,* 9 *Gill,* 193; *Ellinger, et al. vs. Crowl and Wife,* 17 *Md.,* 361; *Claggett, et al. vs. Hall,* 9 *G. & J.,* 91.

The deed is, however, conclusive evidence of the contract, but only *prima facie* evidence of the payment of the consideration. *Higdon vs. Thomas,* 1 *H. & G.,* 145; *Wolf vs. Hauver,* 1 *Gill,* 84; *Elysville Man. Co. vs. Okisko Co.,* 5 *Md.,* 152; *Carr, et al. vs. Hobbs, Adm'r,* 11 *Md.,* 285; 2 *Washburn on R. P.,* 614, (*Ed.* 1862;) *Young's Estate,* 3 *Md. Ch. Dec.* 461.

The appellee contends that he did not purchase the property described in the deed, for any other or different consideration than four thousand dollars, lawful money of the United States, which does not mean gold or its equivalent; and of these facts the deed is evidence. *Cole, Trustee vs. Albers, et al.,* 1 *Gill,* 422, 423; *Byers vs. Mullen,* 9 *Watts,* 266; *Bracket vs. Foscue,* 1 *Hawks.,* 64; *Moore, et al. vs. Blondheim, et al.,* 19 *Md.,* 172; *Bradley vs. Wash., Alex. & Georgetown S. P. Co.,* 13 *Peters,* 89.

The appellee has paid the consideration stated or recited in the deed. The admissions of the record prove

this fact, and the *prima facie* evidence of payment contained in the deed, unexplained or not uncontradicted, amounts to sufficient legal proof. *Gully vs. Grubbs,* 1 *Marshall,* 388–9–90.

MILLER, J., delivered the opinion of the Court.

There is a good deal of obscurity in the wording of the contract of the 14th of September, 1864, upon the point, whether the $4000 purchase money for the particular lot and improvements known as the "Tan Yard Property," in case Lefferman exercised his option to buy it, was to be paid in gold or in currency, and there was certainly very reasonable ground for the contention on his part, that he could pay that sum for it in currency. This obscurity in the terms of the contract, was noticed in the opinion delivered when the case was before this Court on the former appeal. 45 *Md.,* 119. The decision, however, was that taking the whole agreement together, the $4000 were payable in gold, or its equivalent in currency. But the Court further decided, that though such was the legal effect of the agreement, yet in view of this obscurity, and the reasonable doubt as to its true construction, it was clearly the duty of Mrs. Renshaw to have objected to the payment in currency when it was tendered by Lefferman; that he was under no obligation to purchase the property, but on the contrary, it was entirely optional with him to take it or not, and when she accepted payment in currency, and executed and delivered a deed for the property, the presumption was, in absence of proof to the contrary, that she waived a compliance with the terms of the agreement as she understood them. The Court then adds, "there is not a particle of proof to show *mistake, surprise* or *fraud,* nor is there any evidence which would lead us to infer, that Lefferman would have taken the property if payment in gold had been demanded. One thing is clear, if such demand had been made, or if Mrs. Renshaw had

objected to payment in currency, Lefferman could have declined to take the property. Under such circumstances we do not think the plaintiff is entitled to recover." The Court then reversed the judgment, and *awarded a new trial.*

The new trial has been prosecuted upon the sole ground of mistake. There is no charge or pretence of fraud or surprise. The amended declaration avers, that the deed was by the *mistake of her husband,* who acted as the plaintiff's agent in the premises, (she being in Paris at the time,) *inadvertently delivered* to the defendant upon his paying the $4000 in currency, instead of gold or its equivalent as stipulated by the agreement, that this mistake was discovered by her husband shortly after the delivery of the deed, and immediately upon its discovery he notified the defendant thereof, and demanded that he should pay the balance of the unpaid purchase money, to wit: the sum of $400 in currency, but the defendant refused to pay the same. The testimony of Renshaw, the husband, on this subject is, that when the deed was prepared and given to him, he sent it to Paris to be executed by his wife, and on its return he went to the office of Mr. Israel, executed it and received $4000 in currency, that in a few days thereafter he discovered, upon looking at the contract of the 14th of September, 1864, that it called for the payment in gold, and he then called on the defendant for the premium of ten *per cent.*, which was refused.

This is all the evidence as to mistake which the record contains, and we presume it is all that can be adduced. At most, it amounts merely to a mistake on the part of the plaintiff's agent in delivering the deed, without demanding or receiving the $4000 purchase money in gold or its equivalent. But, that is not the mistake which this Court in its former opinion intimated, might furnish the plaintiff a ground of action. What was meant by that opinion was a *mutual mistake of both parties.* There is

no evidence in this record of any mistake on the part of the defendant, or that he would have taken the property and accepted the deed, if he had been required to pay for it $4000 in gold or its equivalent.

Again it must be remembered, that in this action the plaintiff seeks to recover the difference between the value of gold and currency, as part of the purchase money *due under the agreement referred to.* It has already been decided on the former appeal, that the defendant was not *bound* by this agreement to purchase, and that it was entirely optional with him to take the property or not. There was nothing in the record in the former case, nor is there anything in the present record to show, that he would have taken the property if gold had been demanded. Such being the previous decision of this Court, and such being his right under the contract, we think it was incumbent on the plaintiff in order to sustain the action, to have tendered back the equivalent of what she had received, so that the defendant could have been placed in a position to exercise the option, to return the property, or hold on to it and pay the difference demanded.

Entertaining these views of the case, we find no error in the several rulings excepted to, and the judgment must be affirmed.

*Judgment affirmed.*