# UNITED STATES FIDELITY AND GUARANTY COMPANY

## *vs.*

## EMILIE TAYLOR ET AL.

*Workmen's Compensation Act—Award by Commission—
Equitable Relief—Mistake.*

A claim having been filed with the Industrial Accident Commission for the death of claimant's husband as being an employee of defendant corporation, and the latter having reported the death as that of one of its employees, no application having been made by such corporation or its insurer for a hearing by the Commission, no appeal taken from the Commission's award against the corporation and the insurer, and the award having been complied with by the making of monthly payments for more than four months, *held* that the award would not be set aside at the instance of the insurer on the ground of mistake, in that the deceased was an employee not of defendant corporation, but of another, this fact being one which might have been discovered by the insurer at the time of the accident, or within the period during which it made the monthly payments. p. 549

A court of equity will not relieve against a judgment on the ground of a mistake which was in part the result of negligence on the part of the applicant for relief. p. 550

Where an appeal is given by law to the parties to be affected by the action of the tribunal to which the power is given in the first instance of passing upon the question involved, any objection going to the legality or regularity of the proceeding is open for review on that appeal, and redress on such grounds must be sought in that mode only. p. 550

*Decided June 17th, 1920.*

Appeal from the Circuit Court of Baltimore City (STANTON, J.).

546 U. S. F. & G. CO. vs. TAYLOR.

Opinion of the Court. [136

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS and OFFUTT, JJ.

*J. Kemp Bartlett, Jr.*, with whom were *Bartlett, Poe & Claggett* on the brief, for the appellant.

*J. Royall Tippett*, for the appellees.

STOCKBRIDGE, J., delivered the opinion of the Court.

The case presented by this record has some peculiar features, but involves no novel principle of law for determination.

The United States Fidelity and Guaranty Company was the insurance carrier for The Robert Ramsay Company for injury to its employees under the Workmen's Compensation Act.

The appeal before this Court is from a ruling of the Circuit Court of Baltimore City sustaining a demurrer to a bill of complaint filed by the United States Fidelity and Guaranty Company against Emilie Taylor, widow of Robert L. Taylor, and the Robert Ramsay Company. Taylor, the deceased, was a tally clerk, and while in the discharge of his duty was drowned on the first of March, 1917.

On the first of May, 1917, Emilie Taylor filed her claim with the State Industrial Accident Commission, and set out that at the time of his death her husband, Robert L. Taylor, was in the employ of The Robert Ramsay Co.

On the third of May there was filed with the said Commission what purported to be the employer's first report of the accident, as required by the provisions of Chapter 800 of the Acts of 1914. This report was signed by A. B. Gillespie, as superintendent of The Robert Ramsay Co.

The bill then alleges that at the time of his death Mr. Taylor was employed by the Johnston Line Steamship Company, and was not an employee of the Robert Ramsay Co.

No application for a hearing within the required time was filed by The Robert Ramsay Co., and accordingly on the sixteenth of May, 1917, the Commission awarded compensation to the widow against the Robert Ramsay Co. and the appellant as insurance carrier. Payments were made in accordance with the award to the first of October, 1917, when the insurer discontinued further payments. Notice of the discontinuance was given to the State Industrial Accident Commission on the twenty-ninth of October, 1917.

In the month of March, 1918, suit was brought by the widow against the Robert Ramsay Company and the United States Fidelity and Guaranty Company for payment of the amount awarded by the Commission, and the payment of which had been discontinued.

In June, 1919, the bill of complaint was filed by the United States Fidelity and Guaranty Company asking for an injunction against the further prosecution of the suit at law which had been instituted.

To this bill Mrs. Emilie Taylor, through her counsel, filed a demurrer, and from the decree of the Circuit Court of Baltimore City sustaining that demurrer, and dismissing the bill, this appeal has been taken.

The theory of the bill is that there was a mistake which had occurred without fault on the part of the insurance carrier, and that it is entitled to be relieved from its obligation, inasmuch as it was an insurance carrier only for the Robert Ramsay Co., and not for the Johnston Line Steamship Co.

The bill further sets out that it was not until some time in the month of May, 1919, that the mistake was discovered and that, therefore, its bill filed in June was seasonably filed, so that no imputation of delay can be ascribed to it.

The effect of the demurrer is of course to admit all the facts properly pleaded, and the question upon which the case must turn is, therefore, a question of law rather than a question of fact.

There is one additional matter to be mentioned *in limine,* namely, that A. B. Gillespie, who signed the report of the

548          U. S. F. & G. CO. vs. TAYLOR.

Opinion of the Court.                    [136

accident to the State Accident Commission, and described himself therein as "superintendent of the Robert Ramsay Co.," was also the agent at the port of Baltimore of the Johnston Line Steamship Co. To this dual position is probably to be attributed much of the confusion which occurred.

. Another source of the confusion arises as a consequence of the decision of the Supreme Court of the United States in the case of *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205, by which it was held that the State Compensation Law had no application whatever to the cases of stevedores, or those working in a cognate capacity upon the loading or unloading of vessels bound from one state to another, or from a port in this country to a foreign port. Prior to this decision this had been a mooted point, and but for that decision this case would probably never have arisen.

The present contention is that Taylor was an employee of the Johnston Line Steamship Co., and not of The Robert Ramsay Co.; that the United States Fidelity and Guaranty Company was the insurance carrier of the latter company, but not of the former, and in the light of the decision of the Supreme Court there was no liability whatever upon the part of the United States Fidelity and Guaranty Company as insurance carrier, and that the contract embodied in its policy of insurance was void.

The present litigation, therefore, is to be determined only with regard to the award of the State Industrial Accident Commission, and in construing the Workmen's Compensation Act this Court said, in the case of *Frazier* v. *Leas,* 127 Md. 575, that: "The construction must be liberal in favor of private rights and a construction which imputes an intention to deny valuable rights should be avoided."

Here the right of Mrs. Taylor to compensation for the death of her husband is clearly a valuable right, and a right which this Court is asked to annul.

The insurance carrier knew and must be deemed to have known for whom it was carrying insurance, whether for The Robert Ramsay Company or the Johnston Line Steamship

Co., or both. In the original claim filed by Mrs. Taylor with the State Accident Insurance Commission, and in the report of The Robert Ramsay Company, the deceased is said to have been an employee of that company, and it was upon that basis that the award was made.

It further appears that no hearing was asked before the Commission, either by The Robert Ramsay Co., or the insurance carrier, nor did either appeal from the award made to the Court, as they had the right to do under the provisions of the Workmen's Compensation Act.

It has long been the settled rule in this State that where an appeal is given by law to the parties to be affected by the action of the tribunal to which the power is given in the first instance of passing upon the question involved, any objection going to the legality or regularity of the proceeding is open for review on that appeal, and redress on such grounds must be sought in that mode only. *Hazelhurst* v. *Baltimore,* 37 Md. 199, 220.

If the insurance carrier had any doubts as to whether the loss which had occurred was one covered by its policy, it could have asked for a hearing and required strict proof before the State Industrial Accident Commission, or if not satisfied with the conclusion of the Commission upon that point, could have raised it under the provisions of the Act for an appeal before the Court. But it did neither of these things.

There is one phase of the case a little difficult to understand. The payments under the award of the Commission were discontinued from October, 1917; yet the bill in terms alleges that it did not know of what is now represented as a mistake until the 6th of May, 1919. There is thus apparent a certain amount of inconsistency in the bill itself, which is nowhere satisfactorily explained.

The character of the mistake for which equity will furnish relief is well stated in the cases of *Renshaw* v. *Lefferman,* 51 Md. 277, and *Groff* v. *Rohrer,* 35 Md. 327.

In *Kearney* v. *Sascer,* 37 Md. 264, ROBINSON, Justice, delivering the opinion of this Court, said: "Application to a

court of equity for relief against a judgment will be justified by showing any facts which clearly prove that it would be against conscience to execute the judgment, and of which the injured party could not have availed himself at law, or of which he might have availed himself at law, but was prevented by fraud or accident unmixed with any fault or negligence in himself."

There is no imputation of any actual fraud in the present case, or of any intentional concealment, or that the insurance carrier was prevented by its assured from obtaining knowledge of all the facts.

The case does not, therefore, fall within the rule laid down by Mr. Pomeroy in his valuable book on *Equity Procedure,* upon which courts have acted in restraining the enforcement of judgments. Nor are any of the cases referred to by the appellant based upon facts at all similar to the present case, inasmuch as here we have a case where what is now alleged as a mistake might easily have been found out by the insurance carrier by a careful investigation at the time of the accident, or during the months following in which the award was paid.

It cannot, therefore, be said that the ignorance of the appellant was unmixed with negligence in itself, and when that condition occurs courts of equity uniformly refuse to afford any relief.

For the reasons indicated the decree appealed from will be affirmed.

*Decree affirmed, with costs.*