AMOS PAUL *v.* THE GLIDDEN COMPANY

[No. 47, October Term, 1944.]

*Decided December 20, 1944.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, BAILEY, CAPPER, and HENDERSON, JJ.

*Robert P. McGuinn* and *George W. Evans*, with whom was *Linwood G. Koger* on the brief, for the appellant.

*Roszel C. Thomsen* and *Robert H. Engle*, with whom were *Clark, Thomsen & Smith* on the brief, for the appellee.

MARBURY, C. J., delivered the opinion of the Court.

Appellant was working for The Glidden Company, the appellee, when he had the accident, hereinafter referred to, on January 28, 1943. He was at that time forty-four years old. When he was nineteen he had an accident in which he lost entirely the first and second fingers of his left hand. The accident on January 28, 1943, was to the third and fourth fingers of the same hand. As a result of this last accident, he suffered permanent partial disability of the hand. The question in this case is

how the amount of that disability is to be calculated in view òf the provisions af Article 101, Section 48, of Flack's Annotated Code, which is part of the Workmen's Compensation Act. The State Industrial Accident Commission found that he was disabled to the extent of 45 per cent. of the use of his left hand, and that, therefore, he was entitled to compensation at the rate of $18.00 a week for a period of 74.7 weeks. On appeal, the case was heard in the Court of Common Pleas, before the Court without a jury. It modified the award of the Commission to a period of 13.8 weeks, basing this conclusion upon a calculation made as a result of an interpretation of the statute. From the judgment, affirming in part and reversing in part the decision of the Commission, the appeal comes here.

The injuries to appellant were lacerations of the left ring and little fingers, with a fracture of the last phalanx of the ring finger. A calculation based upon loss of the use of the fingers separately could be made, but under the decision of this Court in the case of *Lisowsky v. White,* 177 Md. 377, 9 A. 2d 599, the compensation should be based upon a fractional loss of use of the hand, rather than upon the total amount payable for the fingers separately, on the theory that the higher element or measure of damage in workmen's compensation cases should be accorded to the injured person. The medical testimony is that prior to the accident of January 28, 1943, the appellant had an existing disability of 40 per cent. loss of use of his left hand; that subsequent to the accident of January 28, 1943, he had a disability of 45 per cent. loss of use of the hand. The Court held that appellant entered his present employment with a 60 per cent. hand, rather than a 100 per cent. hand and applied that part of Article 101, Section 48, contained in the unnumbered paragraph following paragraph (4). This provides that whenever it shall appear that any disability is due in part to an accidental injury and in part to a pre-existing infirmity, the Commission shall determine the proportion of the disability reasonably attributable to the injury,

and the proportion reasonably attributable to the pre-existing infirmity, and the employee shall be entitled to compensation for that proportion of his disability which is reasonably attributable solely to the accident, and shall not be entitled to compensation for that proportion of his disability which is reasonably attributable to the pre-existing infirmity. The method of application made by the Court was that the appellant suffered a 5 per cent. loss of use as a result of the injury, but considering his 60 per cent. hand as if it were a 100 per cent. hand, a 5 per cent. loss of use of a 60 per cent. hand is one-twelfth, and one-twelfth of 100 per cent. is 8⅓ per cent. That percentage of 166 weeks, which is the provision in the statute for total loss of hand, gave appellant 13.8 weeks, instead of 74.7 weeks.

There is another provision in Article 101, Section 48, which is an unnumbered paragraph following subparagraph (1). It reads as follows: "Whenever any person who has suffered the loss, or loss of use of a hand, arm, foot, leg or eye, shall enter into a contract of employment, it shall be permissible for the employee to waive in writing, either in the contract of employment, or by a separate written instrument, any right to compensation to which he would be entitled because of the pre-existing permanent partial disability, in the event of subsequent accidental injury, and in such cases the employee so suffering an additional accidental injury, shall be entitled to the compensation for the disability resulting solely from such additional accidental injury. No such waiver shall be effective unless the pre-existing permanent partial disability shall be plainly described therein, nor unless the same be executed by the employee with knowledge of its contents prior to the time of the accident upon which the claim is based." It is not disputed that appellant had suffered the loss of use of his hand when he entered into his contract of employment, nor is it disputed that no waiver was made by the appellant at that or any other time. The trial court held such a waiver was not a necessity before the provisions of the

other paragraph providing for the apportioning of the disability became effective. Had a waiver been obtained, then the result, under the trial court's theory, would have been that the appellant was only entitled to 5 per cent. of 166 weeks, instead of 8⅓ per cent., because his 60 per cent. hand could not then have been treated as a 100 per cent. hand.

These two paragraphs were placed in the Workmen's Compensation Act by Chapter 329 of the Acts of 1937. The provision for apportioning disability is one which appears in compensation laws of other states, and standing by itself, it needs no particular construction. The waiver provision seems to be peculiar to the Maryland Act. It has been before this Court once, in the case of *Kraushar v. Cummins Construction Co.*, 180 Md. 486, 25 A. 2d 439. In that case the claimant went to work with a 5 per cent. eye; that is, with an eye in which he had only 5 per cent. vision. He suffered an accidental injury by which he lost the eye entirely. No waiver had been taken. The conclusion of this Court was that the claimant was entitled to full compensation for the loss of an eye. What effect a waiver would have been given in such a case, was not before the Court, because no waiver was taken. In the absence of such a waiver, we gave the injured man the entire benefit of the statute.

In the case before us we are not concerned with the total loss of the use of a hand. In such case, the appellee concedes that it would have to pay for a 100 per cent. hand, even though it was only actually 60 per cent. It attempts, however, to make a distinction between such total permanent disability and a partial permanent disability, resulting from a partial loss of use of the hand. It contends that it would be inequitable to make it pay for more than the loss of use occasioned by the last injury. It is difficult to see why this is more inequitable than to make an employer and an insurer pay for a total loss, when 95 per cent. of an eye had been destroyed before the final accident, for which the compensation was awarded. Yet the weight of authority throughout the

country is in favor of the last conclusion, as shown by the authorities cited in the case of *Kraushar v. Cummins Construction Co.*, supra.

The Workmen's Compensation Act was passed to promote the general welfare of the State and to prevent the State and its taxpayers from having to care for injured workmen and their dependents, when under the law as it previously existed, such workmen could not recover damages for their injuries. There were, in its first enactment, certain inequalities which have, from time to time, been corrected by amendment. There may be need for further amendment. As to this, we express no opinion, as it is not within our province. Some of the present provisions may be inequitable. To consider this, is also outside of the scope of our duties. The enactment is made in pursuance of the police power [*Solvuca v. Ryan & Reilly Co.*, 131 Md. 265, 101 A. 710] and the details must be left to the judgment of the Legislature, unless some basic right is infringed.

The waiver provision of Section 48 applies only to five members of the body: the hand, the arm, the foot, the leg, and the eye. The loss or loss of use of one of these members can be readily detected by a prospective employer, and to protect himself, he can seek a waiver before accepting the employee. This right does not apply to other disabilities which may be due to prior accidents or infirmities. It is reasonable to suppose that the Legislature intended to give an employer an opportunity to protect himself in those cases where the disability was apparent. If he did not, then he would have to pay compensation without respect to pre-existing loss or loss off use. In other cases, where disability due to pre-existing disease or infirmity is not apparent, the employer is protected by the apportioning clause. When the Legislature said that if the waiver was made "the employee so suffering an additional accidental injury shall be entitled to the compensation for the disability resulting solely from such additional accidental injury." It would seem a necessary corollary

that if the waiver were not obtained, the employee would be entitled to compensation for his entire disability. There seems to us no difficulty in construing the two sections together in this way. It seems difficult to believe that such a calculation as that made by the Court below was within the contemplation of the members of the General Assembly when the Act was passed. We cannot find that it was, in the absence of a definite direction to that effect.

Under the circumstances in this case, no waiver having been obtained, the appellant was entitled to be compensated for the loss of use of his hand as it stood after the second accident, which was 45 per cent. That was the decision of the State Industrial Accident Commission, and it should be affirmed. The order of the lower Court will be reversed.

> *Order reversed and order of the State Industrial Accident Commission of December 11, 1943, confirmed. Costs to be paid by the appellee.*