BAYSHORE INDUSTRIES, INC. ET AL. *v.* ZIATS

[No. 245, September Term, 1961.]

70

*Decided June 12, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, HORNEY, MARBURY and SYBERT, JJ.

*Donald L. Merriman,* with whom were *Merriman & Merriman* on the brief, for the appellants.

*Floyd J. Kintner,* with whom were *William B. Evans* and *Kintner & Evans* on the brief, for the appellee.

BRUNE, C. J., delivered the opinion of the Court.

This is an appeal by the defendants below from a summary judgment entered by the Circuit Court for Cecil County in a suit based upon an award for temporary, total disability made by the Workmen's Compensation Commission in favor of the plaintiff-appellee against her former employer and its insurer.

The plaintiff filed a claim for compensation for an injury which occurred in October, 1957. The insurer raised five issues before the Commission: accidental injury; causal relation; nature and extent of disability; average weekly wage; and limitations. A hearing on the claim was scheduled for December 9, 1959, and the then counsel for the claimant (plaintiff) wrote to the Commission on December 1st requesting that the hearing be limited to the one issue of limitations. The hearing was postponed several times, and was reset for March 9, 1960. On February 11, 1960, the claimant's then counsel again wrote to the Commission suggesting that the hearing be limited to the one issue of limitations and also wrote to counsel for the insurer making the same suggestion. The latter agreed. No actual approval of this limitation of the issue to be then heard is shown or appears to have been given by the Commission, but at the opening of the hearing on March 9, 1960, then counsel for the claimant stated: "The only issue is whether the claim is barred by the Statute of Limitations." No comment thereon by the Commissioner who was conducting the hearing appears in the record before us. The record does show that the claimant stated the nature of her claim and her version of the accident which she said had occurred. That is all of the transcript of the hearing which appears in the record before us, though the appellee's brief tells us that it is not all of the testimony at that hearing sustaining the Commission's finding. What the rest was we do not know.

Following the hearing the Commission, acting through a single Commissioner, Miss Brown, made an award dated March 24, 1960. In it she stated that a hearing had been held on March 9, on the five issues above listed and made findings that the employer and insurer were estopped from pleading limitations, that the claimant had sustained an accidental injury on October 7, 1957, arising out of and in the course of her employment, that she had been temporarily totally disabled since October 11, 1957, and made an award to the claimant for medical expenses and an award of compensation at the rate of $26.67 "payable weekly, beginning October 11, 1957 during the continuance of such disability." The insurer promptly protested this award on the ground that the hearing should have been limited to the one issue of limitations and sought a review and a hearing on the other issues. This was denied by Commissioner Brown and an appeal was taken to the Superior Court of Baltimore City. This appeal was later transferred to the Circuit Court for Harford County. The employer and insurer also sought review of Commissioner Brown's award by the Commission *en banc,* but the Commission affirmed the award in October, 1960. We are told that this was during the pendency of the appeal to court, and we are also told that no action had been taken on this appeal prior to the entry of the summary judgment appealed from in this case. The amount of that judgment is $4,973.33, which is the maximum award of $5,000 allowable for temporary, total disability, less the amount of one "token" weekly payment.

Though Section 56 (a) of Article 101 of the Code (1957) provided that "[a]n appeal shall not be a stay," [1] only the one payment appears to have been made under the award of March 24, 1960; and notwithstanding that the amount accrued from October, 1957 to the date of the award would

---

1. As amended by Ch. 34 of the Acts of 1960, which took effect June 1, 1960, this sentence of Sec. 56 (a) now reads: "An appeal shall not be a stay of any order of the Commission directing payment of compensation or the furnishing of medical treatment." (See Code (1961 Supp.), Art. 101, Sec. 56 (a).)

apparently have exceeded $3,300, the claimant seems to have taken no action to enforce the award until after the maximum amount payable on temporary total disability had accrued.

When she did file her suit, she filed with the declaration a motion for summary judgment, supported by her affidavit reciting the award, but it does not appear that a certified copy (or any copy) of the award was attached and incorporated by reference. A copy does, however, appear in the appellant's appendix. The defendants filed pleas described below in response to the declaration and the plaintiff's motion for summary judgment and affidavit in support thereof. They appended to the pleas their own motion for summary judgment and the affidavit of their counsel in support thereof, and with them they filed seven exhibits, each of which was specifically referred to in the affidavit. The defendants' exhibits included letters from the plaintiff's original counsel seeking to limit the issue to be tried first to limitations and a copy of the statement to the same effect made at the hearing. The supporting affidavit asserted that the stipulation to limit the issue to the one question was entered into on the suggestion of the claimant's counsel to save her from unnecessary expense if that issue should be determined against her and that both the plaintiff's original counsel and her second counsel felt themselves and their client bound by the original agreement to restrict the issue at the hearing of March 9, 1960. The plaintiff filed no reply to the defendants' motion for summary judgment.

The defendants' pleas were: first, the general issue; second, a special plea of "payment in accordance with the award to the extent legally required under all the circumstances" [a defense not further explained]; third, "further legal and equitable pleas" by which they asserted (a) that, contrary to the allegations of the plaintiff's motion they did have a real defense and that there was a genuine dispute as to material facts, (b) that they had been denied due process of law in that the Commission had determined certain issues not before it over the objection of the defendants, who were not prepared for trial thereof; and (c) that the plaintiff was es-

topped to bring the suit. The defendants' motion for summary judgment alleged that there was no genuine dispute as to the truth of their defenses or as to any material fact alleged therein and that the plaintiff had no real replication thereto.

The defendants' most fundamental contention is that they were denied due process of law because of the Commission's disregard of the restriction of issues at the hearing of March 9th to the one question of limitations, to which restriction the parties had agreed. The plaintiff, on the other hand, relies chiefly upon the statutory provision that an appeal shall not operate as a stay and cites *Branch v. Indemnity Insurance Co.,* 156 Md. 482, 144 A. 696, and *Petillo v. Stein,* 184 Md. 644, 42 A. 2d 675, as supporting her position. The opinion in the latter case brings out what could well be a vital distinction between the instant case and *Branch* and *Petillo.* It was there said (184 Md. at 649) : "We are concerned here * * * only with statutory provisions. No question arises of judicial relief where substantial fundamental rights are violated by arbitrary or unreasonable administrative action without adequate statutory remedy." In the instant case the defendants assert that they were denied the opportunity for a fair hearing on the merits of the claim before the Commission, that this constituted a denial of due process and that the award is a nullity. See *Board of Medical Examiners v. Steward,* 203 Md. 574, 581-83, 102 A. 2d 248, citing *Morgan v. United States,* 304 U. S. 1, holding that a fair hearing before an administrative body exercising judicial or quasi-judicial functions is essential. See also *Market Street Ry. Co. v. Railroad Comm'n of California,* 324 U. S. 548. In that case the Railway Company claimed that it had been denied a fair hearing in that it had not had adequate notice that its rates were to be under attack at the hearing. This claim was held to be without foundation in the record, but there seems to be a clear intimation that if it had been well founded in fact, it would have been legally significant. The Company particularly complained that it had no notice that the Commission was receiving evidence of its offer to sell its properties at a

certain price for use as a rate base. The offer was received in evidence without limitation or statement of its purpose. Mr. Justice Jackson said on this matter: "Doubtless the decision and grounds of decision were unexpected. But surprise is not necessarily want of due process." 324 U. S. at 558. In the instant case, the appellants' allegations seem to go beyond allegations of mere surprise and to show (without any denial by the appellee) that several issues were decided without notice to the appellants that they were then to be determined and that this course of action was directly contra to the agreement of the parties, made at the instance and for the benefit of the appellee, to limit the issues then to be heard to the one question of limitations.

In *Worthington Pump & Machinery Corp. v. Douds*, 97 F. Supp. 656 (S. D. N. Y.), a controversy before the N. L. R. B. was determined without any hearing on one issue. This was held to present a substantial constitutional question, and the *Market Street Railway* case was distinguished on the facts. (No final determination of the *Worthington* case was then made.)

2 *Merrill on Notice*, § 796 states (at p. 284) that in many instances the requirement of a hearing after adequate notification "has come to be regarded as a part of our constitutional safeguard of due process of law." Again, in the same section, at p. 286, he says that "matters outside the scope of the notification may not be injected into the proceedings without affording adequate opportunity to meet them." He cites in support of this statement *Higgins v. Board of License Comm'rs of City of Quincy*, 308 Mass. 142, 31 N. E. 2d 526, which holds notice must be given of the grounds upon which a license board proposes to revoke a license previously issued. See also 1 Davis, *Administrative Law Treatise*, §§ 8.04, 8.05 (stressing the adequacy of the opportunity to prepare as the standard by which to judge pleading and notice in the administrative process.)

The appellee contends that no agreement or stipulation between her former counsel and counsel for the appellants could bind the Commission. We think it not necessary to determine that question or to determine that the action of the

Commission did actually involve a denial of procedural due process, because we think that the allegations set up by the defendants' motion for summary judgment and the supporting affidavits and exhibits are sufficient to show that the appellee was equitably estopped from seeking a judgment based upon the award. The defendants' pleas were partly on equitable grounds, and we think it would be unconscionable to permit the appellee to take advantage of the award obtained so far as appears here (and indeed as is virtually admitted in her brief) in flagrant violation of the stipulation entered into by her former counsel. As we have pointed out, this stipulation was entered into at the request of her former counsel and for her benefit in order to save her the expense of preparing and presenting her claim, which expense would have been useless if limitations had been held applicable. We see no reason why such a stipulation entered into by counsel for the claimant should not be binding upon her as fully as if it had related to a proceeding in court. In the latter situation its binding effect could hardly be disputed. *Posko v. Climatic Control Corp.,* 198 Md. 578, 84 A. 2d 906.

We do not undertake to decide the pending appeal taken by the appellants from the award made by the Commission. The record throws no light on why that case has not come to trial prior to the decision of this case in the trial court. We were told at the argument that there had been various motions and controversies which had caused delay. Greater efforts to bring that case to trial promptly might have obviated this suit entirely.

We do not reach the question of the appeal from the award not operating as a stay of the Commission's award. We hold simply that on the basis of the stipulations entered into on her behalf the appellee may not repudiate the burden thereof and thereby obtain the benefit of an award made without opportunity to the defendants to have a full hearing on all issues remaining after the preliminary hearing on limitations, and that she is presently estopped from asserting that award until after determination of the appeal therefrom. We may note that the appellee's course of conduct does not suggest that her case falls within the general policy which the prohibition

against a stay by reason of an appeal has been held intended to serve—that of affording day to day support to injured employees. We may also note that in neither the *Branch* nor the *Petillo* case, cited by the appellee, did this Court treat the prohibition against an appeal operating as a stay as barring consideration on the merits of the grounds of invalidity asserted against the awards there urged. The point was not involved in the two related cases of *U. S. F. & G. Co. v. Taylor,* 136 Md. 545, 110 A. 883, and *Taylor v. Robert Ramsay Co.,* 139 Md. 113, 114 A. 830, since no appeal was taken from the Commission's award. The first was a bill in equity to set aside an award on the ground of mistake. In the second, a suit at law to collect on an award, the defense of lack of jurisdiction of the Commission was unsuccessfully asserted. The availability of an appeal to challenge the regularity or legality of the proceeding resulting in the award was, however, one of the grounds for denying relief in the first of those cases. (See 136 Md. at 549.)

Because the appeal from the award apparently remains undetermined, and because we are not deciding that appeal which is not before us, we think it appropriate to vacate the judgment and remand the present case, without affirmance or reversal, to await the final determination of the appeal from the award, and then to enter judgment for the plaintiff or defendants, depending upon the outcome of that appeal.

> *Judgment vacated and case remanded, without affirmance or reversal, for further proceedings not inconsistent with the foregoing opinion, costs to abide the result.*