869 A.2d 852

**GLENEAGLES, INC., et al.**

v.

**Linda M. HANKS.**

**No. 57, Sept. Term, 2004.**

Court of Appeals of Maryland.

March 11, 2005.

**494**

Lance G. Montour (Herwig & Humphreys, LLP, Baltimore, on brief), for petitioners.

David E. Fink, Baltimore, for respondent.

Argued before BELL, C.J., and RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA, GREENE, JJ.

GREENE, J.

Linda Hanks filed a claim with the Workers' Compensation Commission, seeking benefits for an occupational disease sustained on March 1, 1990. The Commission determined on April 22, 1991, that Ms. Hanks should be compensated. Thereafter, Ms. Hanks filed several issues, requesting additional relief from the Commission. Gleneagles, Inc., the employer, contested Ms. Hanks's entitlement to additional benefits. In April 2000, Ms. Hanks impleaded the Subsequent Injury Fund.

In May, 2003, the Commission held a hearing and issued an Award of Compensation, finding, among other things, that Ms. Hanks had sustained a permanent partial disability, of which 50% was attributable to the occupational disease of March 1, 1990. The Commission also found that Ms. Hanks's claim was not barred by limitations. The Commission ordered Gleneagles to pay Ms. Hanks $282.00 per week, beginning April 28, 1992, and continuing for 333 weeks. The Commission also ordered the Fund to pay Ms. Hanks $144.00 per week, beginning at the end of Gleneagles' payments and continuing for 240 weeks. The award accounted from 1992, resulting in an obligation of $93,906 for Gleneagles and $34,560 for the Fund.

Gleneagles[1] filed a Petition for Judicial Review in the Circuit Court for Harford County. Gleneagles also filed a Request for Immediate Temporary Restraining Order and Request for Stay and/or Preliminary Injunction. On May 22, 2003, a judge of the Circuit Court held a hearing in chambers on those requests. The court granted injunctive relief to Gleneagles on May 27, 2003, issuing a temporary restraining order and stating that the Commission's order of May 9, 2003, "is stayed by this order and the employer and insurer are required to make no monetary payments to the claimant pursuant to that order."

The court held another hearing on July 28, 2003, to address Ms. Hanks's request to review the Temporary Restraining Order. The court issued an Order and Memorandum Opinion on September 19, 2003, striking the prior order and stating that the court had no authority to grant a stay of an Award of Compensation issued by the Commission. Gleneagles appealed. In a reported opinion, the Court of Special Appeals affirmed the circuit court. *Gleneagles, Inc. v. Hanks*, 156 Md.App. 543, 847 A.2d 520 (2004).[2] Gleneagles petitioned this Court for *certiorari*, which we granted. *Gleneagles v. Hanks*, 382 Md. 687, 856 A.2d 723 (2004).

The issue before the Court is whether the circuit court has the authority to grant injunctive relief in a workers' compensation case pending an appeal of an award of monetary benefits from the Workers' Compensation Commission. We affirm the intermediate appellate court and hold that the court does not have the authority to issue a stay or an injunction pending the appeal of an award of monetary benefits from the

---

**1.** Gleneagles' insurer, American Manufacturers Mutual Insurance Company, is a party to this appeal but has not filed a separate brief. In addition, the Subsequent Injury Fund adopts Gleneagles' brief. We shall refer to all petitioners as "Gleneagles."

**2.** We note that the Court of Special Appeals ordered placement of the proceeds under the award in escrow with Hanks' attorney, pending the conclusion of appellate review.

Workers' Compensation Commission. We shall adopt the Factual and Procedural History section of the Court of Special Appeals' opinion, located at 156 Md.App. at 547–50, 847 A.2d 520, in order to avoid repeating the detailed facts, none of which are disputed by the parties.

## STANDARD OF REVIEW

■ Md. Rule 8–131 requires the appellate court to review actions tried without a jury on the law and the evidence. There is no factual dispute in the case at bar. The question in this case is a legal one. While we have previously stated that trial courts have broad authority to issue injunctive relief *Roper v. Camuso*, 376 Md. 240, 260, 829 A.2d 589, 601 (2003), this case is ultimately a question of statutory interpretation; and, therefore, we review the Circuit Court's interpretation of the statute *de novo*. *See Davis v. Slater*, 383 Md. 599, 604, 861 A.2d 78, 80 (noting that because "... provisions of the Maryland Code, and the Maryland Rules are appropriately classified as questions of law, we review the issues *de novo* to determine if the trial court was legally correct in its rulings on these matters.").

## DISCUSSION

■ We begin by noting that the Workers' Compensation Act " 'should be construed as liberally in favor of injured employees as its provisions will permit in order to effectuate its benevolent purposes. Any uncertainty in the law should be resolved in favor of the claimant.' " *Harris v. Board of Education of Howard County*, 375 Md. 21, 57, 825 A.2d 365, 387 (2003) (quoting *Mayor & City Council of Baltimore v. Cassidy*, 338 Md. 88, 97, 656 A.2d 757, 761–62 (1995)).

■ Section 9–741 of the Labor and Employment Article states, in pertinent part, that "[a]n appeal is not a stay of: (1) an order of the Commission requiring payment of compensation[.]" Md.Code (1991, 1999 Repl.Vol.), § 9–741 of the Labor and Employment Article. In addition, Md. Rule 7–205 states:

> The filing of a petition does not stay the order or action of the administrative agency. Upon motion and after hearing,

the court may grant a stay, unless prohibited by law, upon the conditions as to bond or otherwise that the court considers proper.

The "cross references" note after the Rule only cites § 9–741 of the Labor and Employment Article. We think that notation is significant. The language of § 9–741 of the Labor and Employment Article and the case law interpreting the "no-stay" provision informs us that in the case of a Workers' Compensation Commission award, the court may not grant a stay, under Md. Rule 7–205, because to do so is "prohibited by law."

Gleneagles argues that despite the prohibition of a stay found in § 9–741 of the Labor and Employment Article, the Circuit Court nonetheless had the power to grant some kind of injunctive relief to Gleneagles, pending the appeal of the award to Ms. Hanks. In support of its argument, Gleneagles posits the general equitable power of the courts [3] and relies on Md. Rules 15–501, et seq. Md. Rule 15–501 provides, in pertinent part:

---

**3.** In support of its argument that the court has the equitable power to grant injunctive relief in this case, Gleneagles relies on *Bayshore Industries, Inc. v. Ziats,* 229 Md. 69, 181 A.2d 652 (1962). In *Bayshore,* counsel for the claimant and counsel for the insurer agreed that the upcoming hearing before the Commission would be limited to the issue of limitations. *Bayshore,* 229 Md. at 71, 181 A.2d 652. Despite this agreement, after the hearing the commissioner found that the insurer and employer were estopped from pleading limitations, and then made an award to the claimant. *Bayshore,* 229 Md. at 72, 181 A.2d 652. The insurer protested the award, arguing that the hearing should have been limited to the issue of limitations. *Id.* The commissioner denied the request to review the decision and the case was eventually appealed to the Circuit Court for Harford County. *Id.* That case was still pending when the claimant filed a separate action to enforce her Commission award and obtained summary judgment against the insurer. *Id.* The insurer appealed, arguing that the claimant was estopped from enforcing the award because the award was granted in violation of due process, having been awarded without proper notice to the insurer that the hearing would encompass something other than the agreed-upon issue. *Bayshore,* 229 Md. at 74, 181 A.2d 652. The claimant relied on the statutory "no-stay" provision to argue that she should be permitted to enforce the award. *Id.*

(a) Injunction. "Injunction" means an order mandating or prohibiting a specified act.

(b) Preliminary injunction. "Preliminary injunction" means an injunction granted after opportunity for a full adversary hearing on the propriety of its issuance but before a final determination of the merits of the action.

(c) Temporary restraining order. "Temporary restraining order" means an injunction granted without opportunity for a full adversary hearing on the propriety of its issuance.

Gleneagles asserts that to obtain a temporary restraining order or a preliminary injunction, one must overcome particular obstacles [4] that are not required when obtaining a stay and, therefore, § 9–741 of the Labor and Employment Article does

---

We held that the claimant was equitably estopped from seeking a judgment based on the award and stated that "we think it would be unconscionable to permit the appellee to take advantage of the award obtained so far as appears here ... in flagrant violation of the stipulation entered into by her former counsel." *Bayshore*, 229 Md. at 76, 181 A.2d 652. Regarding the "no-stay" provision, we expressly stated:
> We do not reach the question of the appeal from the award not operating as a stay of the Commission's award. We hold simply that on the basis of the stipulations entered into on her behalf the appellee may not repudiate the burden thereof and thereby obtain the benefit of an award without opportunity to the defendants to have a full hearing on all issues remaining after the preliminary hearing on limitations, and that she is presently estopped from asserting that award until after determination of the appeal therefrom. We may note that the appellee's course of conduct does not suggest that her case falls within the general policy which the prohibition against a stay by reason of an appeal has been held intended to serve—that of affording day to day support to injured employees.

*Bayshore*, 229 Md. at 76–77, 181 A.2d 652. Gleneagles' reliance on *Bayshore* is misplaced. As just discussed, the facts of that case are easily distinguishable from the facts of the case at bar. Furthermore, we explicitly stated in *Bayshore* that we were not reaching the question of whether an appeal from a Commission award could operate as a stay.

4. For example, when obtaining a temporary restraining order or preliminary injunction, unless the requirement is waived by the court, a bond must be filed. Md. Rule 15–503. Moreover, in order to obtain a temporary restraining order, one must show by affidavit that "immediate, substantial, and irreparable harm will result to the person seeking

not prohibit the grant of injunctive relief under Md. Rules 15–501, et seq. of the Maryland Rules.[5] We disagree. While there are differences in the rules regarding obtaining a stay of an administrative decision and an injunction generally, the result in this case is the same. Whether it is called an injunction, a temporary restraining order, or a stay, Hanks was deprived of her workers' compensation award pending appeal. That is the very result the Legislature intended to avoid by enacting the "no-stay" provision. The general equitable powers of the courts cannot be relied upon in a case in which jurisdiction has been limited by law, as accomplished by § 9–741 of the Labor and Employment Article. As stated in § 1–501 of the Courts and Judicial Proceedings Article,

---

the order." Md. Rule 15–504(a). "A court may not issue a preliminary injunction without notice to all parties and an opportunity for a full adversary hearing on the propriety of its issuance." Md. Rule 15–505(a). By contrast, Md. Rule 7–205 (discussing stays of administrative agency decisions pending appeal to the circuit court), provides that "[u]pon motion and after hearing, the court may grant a stay, unless prohibited by law, upon the conditions as to bond or otherwise that the court considers proper."

5. We note that the statute in this case does not state "an appeal is not *an automatic* stay" of an order requiring payment of compensation, nor does it, in some other way, leave open the possibility that having overcome particular obstacles, one might be able to procure a stay. *Cf. Henry v. Gentry Plumbing & Heating Co.*, 704 F.2d 863, 865 (5th Cir.1983) (discussing the Longshoremen's and Harbor Workers' Compensation Act and referencing 33 U.S.C. § 921(b)(3) which states that the payment of an award "shall not be stayed pending final decision in any such proceeding unless ordered by the Board. No stay shall be issued unless irreparable injury would otherwise ensue to the employer or carrier."). Neither does our statute permit the act of filing an appeal to effectuate an automatic stay. *Cf. Sisters of Providence v. East*, 122 Or.App. 366, 858 P.2d 155, 157 (1993) (discussing the Oregon statute that states that "[f]iling by an employer or the insurer of a request for hearing on a reconsideration order or a request for board review or court appeal, stays payment of the compensation appealed ...") Rather, the Maryland statute states "an appeal is not a stay" of an order requiring payment of compensation. Md.Code (1991, 1999 Repl.Vol.), § 9–741 of the Labor and Employment Article. As discussed later in this opinion, a fair view of that statutory language and our previous case law on the subject directs the outcome in this case—that is—that an employer/insurer is not entitled to a stay or injunction of a workers' compensation award pending judicial review.

> [t]he circuit courts are the highest common-law and equity courts of record exercising original jurisdiction within the State. Each has full common-law and equity powers and jurisdiction in all civil and criminal cases within its county, and all the additional powers and jurisdiction conferred by the Constitution and by law, *except where by law jurisdiction has been limited or conferred exclusively upon another tribunal.*

Md.Code (1973, 2002 Repl.Vol.), § 1–501 of the Courts and Judicial Proceedings Article (emphasis added).

In *Branch v. Indemnity Ins. Co.*, 156 Md. 482, 144 A. 696 (1929) we discussed the "no stay" provision of the Workers' Compensation Act and whether that provision violated the right to jury trial because insurer/employers could be forced to pay awards before their appeals had been tried and determined. We determined that the "no stay" provision did not violate the right to jury trial. In addition, we stated:

> The right of the Legislature to provide that an appeal from a decision of the State Industrial Accident Commission shall not be a stay could not be denied, consistently with the principle upon which the general validity of the act has been adjudicated. Its design was to insure speedy, as well as certain, relief in proper cases within the scope of its application. *That humanitarian policy would be seriously hampered if the weekly payments of compensation awarded by the commission could be suspended because of an appeal. In providing that an appeal should not be a stay the statute was simply adopting a necessary expedient to accomplish one of the important purposes for which it was enacted.*

*Id.* at 489, 144 A. 696 (emphasis added). Suspending payments of a compensation award by means of an injunction is just as detrimental to the claimant as suspending payment by means of a stay. We do not agree with Gleneagles that the different procedures for obtaining an injunction makes the grant of one any more palatable as far as the Workers' Compensation Act is concerned.

Gleneagles argues that to deny them injunctive relief in this case is particularly harsh because of the large lump-sum payments ordered and because the law does not permit them to "recover back" any payments made even if they are ultimately successful on appeal. In *St. Paul Fire and Marine Insurance v. Treadwell*, 263 Md. 430, 283 A.2d 601 (1971), the insurer paid Treadwell the awarded compensation and then prevailed on appeal. *Treadwell*, 263 Md. at 430–31, 283 A.2d at 602. The insurer sought to recover the amount paid. *Id.* We noted that the statute did not contain explicit language forbidding or authorizing recovery of an award paid and later reversed on appeal. *Treadwell*, 263 Md. at 431, 283 A.2d at 602. The insurer argued that the Legislature must have intended the recovery of such payments or it would not have given the employer the right to appeal. *Id.* The insurer also argued that to decide otherwise would result in the unjust enrichment of the claimant. *Id.*

In *Treadwell*, we relied on Article 101, § 56(a), (the predecessor to § 9–741 of the Labor and Employment Article)[6] to hold that an overpayment does not permit a recovery. *Treadwell*, 263 Md. at 431–32, 283 A.2d at 602. We discussed *Branch* and the humanitarian policy of providing speedy relief in proper cases. *Treadwell*, 263 Md. at 432, 283 A.2d at 602. We also quoted, with approval, the Kansas Supreme Court's

---

**6.** As we stated in *Treadwell:*

> The pertinent language of the statute will be found in § 56(a) which, in part, is as follows:
>
> "Any employer, employee, beneficiary or person feeling aggrieved by any decision of the Commission . . . may have the same reviewed by a proceeding in the nature of an appeal . . . in the circuit court. . . . If the court shall determine that the Commission has acted within its powers and has correctly construed the law and facts, the decision of the Commission shall be confirmed; otherwise it shall be reversed or modified. . . . *An appeal shall not be a stay* of an order of the Commission directing payment of compensation or the furnishing of medical treatment. . . ."

*Treadwell*, 263 Md. at 431, 283 A.2d at 602 (quoting Md.Code (1964 Repl.Vol.), Art. 101, § 56(a)) (emphasis added). The predecessor statute noted that "an appeal shall not be a stay," whereas the current statute provides that "an appeal is not a stay." We do not think that change of verb tense changes the meaning of the provision.

statement that "[t]he workmen's compensation act establishes a procedure of its own covering every phase of the right to compensation and of the procedure for obtaining and enforcing it, which procedure is complete and exclusive in itself." *Treadwell*, 263 Md. at 436, 283 A.2d at 604 quoting *Tompkins v. George Rinner Construction Co.*, 196 Kan. 244, 409 P.2d 1001, 1003 (1966) (holding that no recovery back was permitted, even though the workers' compensation award was reversed on appeal).[7]  We explained the decision to prohibit recovery after a successful appeal by stating:

> As we see it, when the Legislature enacted the "no stay" provision in § 56(a) it must have foreseen the possibility, and as well the probability that payments would be made to claimants whose awards subsequently would be vacated on appeal.  That it made no provision for the restitution of those payments suggests to us that restitution was considered and rejected, and that, in lieu thereof, the disposition of appeals was expedited by giving them precedence over all cases except criminal cases.  Surely this can hardly be said to serve any purpose other than the mitigation of the employer's obligation to pay as ordered until the appeal has been decided. . . .  It is of interest also to note that Mr. Pressman states categorically that the employer cannot recover any overpayments made to the claimant in the event of a reversal of the decision of the Commission.  M. Pressman, Workmen's Compensation in Maryland § 4–15 (1970).

*Treadwell*, 263 Md. at 437–38, 283 A.2d at 605.  In conclusion, we noted that the "no stay" language of the statute reflected "a legislative intent to preclude 'recovery back' upon any theory, except fraud perhaps.  If we are mistaken in this regard the General Assembly will know how to enlighten us." *Treadwell*, 263 Md. at 439, 283 A.2d at 606.

---

7. We noted in *Treadwell* that as of the writing of that opinion, despite the "bitter dissent" in *Tompkins*, neither the court nor the Kansas Legislature had modified the result in that case.  As of the writing of this opinion, thirty-four years after *Treadwell*, *Tompkins* is still good law in Kansas.

██ While we appreciate the difficult position in which Gleneagles finds itself as a result of the large lump-sum award, we are not permitted to change the law for them. In *Petillo v. Stein*, 184 Md. 644, 42 A.2d 675 (1945), we discussed a case in which a claimant had received a lump-sum payment of a Commission award from which the employer and insurer appealed. *Petillo*, 184 Md. at 646–47, 42 A.2d at 676. We discussed *Branch* and noted that that case involved "only the stay of weekly payments." *Petillo*, 184 Md. at 649, 42 A.2d at 677. Nonetheless, we also stated that,

> [f]ailure to get a stay of converted lump-sum payments, especially if they consume the whole of the award, may raise other questions under some conditions. We are concerned here, however, only with statutory provisions. No question arises of judicial relief where substantial fundamental rights are violated by arbitrary or unreasonable administrative action without adequate statutory remedy.... The Legislature did not qualify its requirement that an appeal shall not be a stay, and we cannot attach any conditions to it. We must hold, following our previous decisions, that it applies to all appeals including those from converted or commuted awards.

*Petillo*, 184 Md. at 649, 42 A.2d at 677 (internal citations omitted). The size of the award against Gleneagles is no reason to abandon our previous jurisprudence regarding the legislative mandate that an appeal is not a stay of a Commission award.[8] As we stated in *Petillo*, while lump sum awards are the "exception rather than the rule," they are permitted. *Petillo*, 184 Md. at 652–53, 42 A.2d at 679.

---

8. We will not violate the statutory mandate in any particular case in an attempt to avoid an unjust result. *See State Retirement and Pension System v. Thompson*, 368 Md. 53, 67–71, 792 A.2d 277, 285–88 (2002) (discussing a case in which a claimant received reduced disability retirement benefits because he was also receiving workers' compensation benefits and refusing to permit the circuit court to order the State Retirement and Pension System to pay the claimant more than the relevant statutes permitted, even though the claimant was in a difficult financial position).

The Legislature wisely left the determination of when they should be made, and to what extent, in the discretion of the administrative body charged with special knowledge of the subject. This authority given to the Commission is safeguarded by ample opportunity for review by the courts. In cases where an appeal by the employer and the insurer is pending, the Commission should be careful to see that no damage is done to their fundamental rights by granting a request for a lump-sum conversion. On the other hand, there may be cases in which converted awards are very necessary for the proper care of injured workmen and their dependents. We cannot assume, in the case before us, that the Commission did not properly consider all the circumstances before it acted.

*Petillo*, 184 Md. at 653, 42 A.2d at 679. Similarly, we cannot assume that the Commission failed to properly consider all the circumstances before it acted in this case.[9]

We have previously discussed seeming inequities in the Workers' Compensation Act and concluded that the Legislature must be the body to remedy any unfairness, should they consider it necessary. As stated in *Paul v. Glidden*, 184 Md. 114, 39 A.2d 544 (1944),

---

9. Gleneagles notes that Ms. Hanks made many requests for postponements in this case and that the case lay dormant for quite some time, resulting in these large lump-sum payments. The Commission permitted the postponements and delay, and we will not presume that the Commission wrongly permitted them.

Moreover, despite Gleneagles argument to the contrary, Gleneagles is in no worse position than any other employer or insurer that is ordered by the Commission to pay an award and then later "wins" on appeal. If the award has already been paid, *Treadwell* instructs that it cannot be recovered after a successful appeal. *Treadwell*, 263 Md. at 437–38, 283 A.2d. at 605. Gleneagles argues that they are in a worse position than other employers or insurers because the act of paying the Commission award "creates an entirely new limitations period, even when subsequently reversed on appeal." We do not state any opinion on whether that statement is correct. Assuming, *arguendo*, that it is correct, however, we note that such a result is not something the Court can fix. The Legislature has created the "no-stay" provision and any seemingly unfair results that flow from that provision must be dealt with by the Legislature.

[t]he Workmen's Compensation Act was passed to promote the general welfare of the State and to prevent the State and its taxpayers from having to care for injured workmen and their dependents, when under the law as it previously existed, such workmen could not recover damages for their injuries. There were, in its first enactment, certain inequalities which have, from time to time, been corrected by amendment. There may be a need for further amendment. As to this, we express no opinion, as it is not within our province. Some of the present provisions may be inequitable. To consider this, is also outside the scope of our duties. The enactment is made in pursuance of the police power . . . and the details must be left to the judgment of the Legislature, unless some basic right is infringed.

*Glidden,* 184 Md. at 119, 39 A.2d at 546. Moreover, as stated by the Court of Special Appeals in *Montgomery County v. Lake,* 68 Md.App. 269, 511 A.2d 541 (1986):

We are not unmindful of the potential inequities presented by this appeal. Where the claimant invokes his or her right to a lump sum conversion and the conversion is affirmed, the claimant has received a windfall if the underlying award on that claim is subsequently reduced or reversed on appeal. None would disagree in theory that funds which are disbursed without ultimate legal vindication should be recoverable. The short answer to this problem is that protection against such a windfall is provided by the admonition in *Petillo, supra,* and the right to appellate review of a lump sum conversion. The long answer is found in [*Glidden*].

*Lake,* 68 Md.App. at 279, 511 A.2d at 546. The Court of Special Appeals then cited the passage in *Glidden* regarding the statute's inequities and concluded by stating "[w]e invite the Legislature to redress the potential inequities presented by this appeal if they consider it appropriate." We agree that any inequities presented by the case at bar must be redressed by the Legislature, if at all. "Predictability and administrative ease" are important components of workers' compensation law and that is precisely why this is a question best left to the Legislature. *See Ametek v. O'Connor,* 364 Md. 143, 159, 771

A.2d 1072, 1081 (holding that when the claimant was awarded more weeks and more money per week after an appeal of a workers' compensation award, the insurer/employer was entitled to receive a credit for the weeks paid prior to the appeal and the claimant was not permitted to receive money to cover the difference in the amount paid prior to the appeal, and stating that "[j]ust as predictability and administrative ease are important from the standpoint of the timing of actions, so too are they important in establishing the rules governing the award of permanent partial disability benefits. It simply will not do to have different rules, depending upon whether it is the claimant or the employer to whom the result is inequitable."). The Legislature is in the best position to make any changes to such a complicated and detailed system.

In view of the plain language of § 9–741 of the Labor and Employment Article, and the relevant case law, it is clear that the Circuit Court does not have the authority to issue a stay or an injunction of a workers' compensation award pending an appeal.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. PETITIONERS TO PAY ALL COSTS.

RAKER, WILNER and HARRELL, JJ., Dissent.

Dissenting Opinion by WILNER, J., which RAKER and HARRELL, JJ., join.

With respect, I dissent.

I agree with the Court that the injunctive relief sought by Gleneagles in this case was the equivalent of a request for a stay, one that the Circuit Court initially believed should be granted. It reversed course when persuaded, as this Court now holds, that it had no authority to grant such a stay. I would find that § 9–741 of the Labor and Employment Article does not prohibit a court from granting a stay of a Workers' Compensation Commission Order pending judicial review, although it severely limits the discretion of the court in doing so.

The issue is one of statutory construction—what is meant by the language of § 9–741 that "[a]n appeal is not a stay of: (1) an order of the Commission requiring payment of compensation; or (2) an order or supplemental order of the Commission requiring the provision of medical treatment." On its face, that language simply makes clear that the seeking of judicial review does not, of itself, stay the effect of either of those two types of orders. It does not purport to preclude a court from granting a stay if, under the circumstances, a stay may be appropriate. Until 1960, the predecessor section to § 9–741 stated more broadly that "[a]n appeal shall not be a stay." *See* Maryland Code (1957), Art. 101, § 56(a). By 1960 Md. Laws, ch. 34, the Legislature narrowed that provision to make it applicable only to orders requiring the payment of compensation or the provision of medical treatment.

Provisions to the effect that the filing of an appeal or action for judicial review does not, of itself, act as a stay of an administrative order are common in statutes providing for administrative decision-making. Some statutes contain additional language that expressly permits a stay under limited circumstances, while others are silent on the matter. *See,* for example, Maryland Code, § 10–222(e) of the State Government Article:

"(1) The filing of a petition for judicial review does not automatically stay the enforcement of the final decision. (2) Except as otherwise provided by law, the final decision maker may grant or the reviewing court may order a stay of the enforcement of the final decision on terms that the final decision maker or court considers proper."

*See* also Maryland Rule 7–205, governing actions for judicial review of orders entered by administrative agencies, including the Workers' Compensation Commission:

"The filing of a petition does not stay the order or action of the administrative agency. Upon motion and after hearing, the court may grant a stay, unless prohibited by law, upon the conditions as to bond or otherwise that the court considers proper."

No-automatic-stay provisions are also common in workers' compensation laws throughout the country. *See* 8 ARTHUR LARSON AND LEX LARSON, LARSON'S WORKERS' COMPENSATION LAW, § 130.08[4] and § 130.08D[4]. Those provisions are not ordinarily interpreted as absolutely precluding a reviewing court from granting a stay, however. Rather, according to Larson, "[t]he usual rule is that such a stay will not issue in the absence of a showing that the employer will otherwise suffer irreparable damage" and "[t]he task of establishing irreparable damage is a hard one." *Id.* at § 130.08[4]. Larson observes that "[t]he employer must first make a strong showing that the employer will probably prevail on the merits—a job not made easier by the fact that the employer has just lost on the merits in a competent forum. Then the employer must show financial damage." *Id.* The law thus *permits* courts to issue a stay in appropriate cases but places severe limits on its discretion to do so.

That, I think, is, or at least ought to be, the Maryland law. I do not read *Branch v. Indemnity Ins. Co.*, 156 Md. 482, 144 A. 696 (1929), as the Court of Special Appeals did in this case, as requiring a different result. All the Court held in that case was that the no-stay provision then in existence was constitutional, notwithstanding that it impinged upon the employer's right to a jury trial in the judicial review action. The Court pointed out that the humanitarian policy behind the Workers' Compensation Act would be hampered if the weekly payments awarded by the Commission "could be suspended *because of* an appeal" and that, in providing that "an appeal should not be a stay," the statute was simply adopting an expedient to accomplish one of its important purposes. *Id.* at 48996, 144 A. at 698. (Emphasis added).

Courts have traditionally been regarded as having the inherent power to stay Executive decisions in order to preserve the justiciability of the claim under review, so that the case does not become moot. If the Legislature really intended to preclude a reviewing court from granting a stay, rather than just providing that the petition itself did not serve as an automatic stay, it could have said so. Indeed, given that such

a prohibition would impinge upon an inherently judicial power, there is good reason not to assume such an intent by extended inference from otherwise neutral language. The Court can easily gratify the intent of the Legislature by clipping, but not amputating, the wings of a reviewing court, by adopting the more general approach of allowing, though severely limiting, the ability of such a court to stay the kind of order mentioned in § 9–741.

Judges Raker and Harrell authorize me to state that they join in this dissent.