ANNIE BRANCH *v.* INDEMNITY INSURANCE COMPANY OF NORTH AMERICA.

[No. 108, October Term, 1928.]

*Decided February 13th, 1929.*

The cause was argued before BOND, C. J., URNER, AD-KINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Walter L. Clark* and *Roszel C. Thomsen,* with whom was *David Friedman* on the brief, for the appellant.

*Arthur W. Machen, Jr.,* and *John Henry Lewin,* with whom were *Armstrong, Machen & Allen* on the brief, for the appellee.

484

URNER, J., delivered the opinion of the Court.

Pending an appeal by the employer and the insurer from an award by the State Industrial Accident Commission, a suit was brought by the claimant against the insurer for the amount of the'weekly instalments of the awarded compensation which had then accrued. A bill in equity was filed by the insurer for an injunction against the prosecution of any suit on the award until the determination of the appeal by which it was resisted. The present appeal is from an order overruling a demurrer to the bill, and, upon waiver of the right to answer, enjoining the defendant from proceeding to enforce the award of compensation until the appeal therefrom should be decided, and requiring the insurer to pay to the clerk of the equity court the sum of $1,000, to be disbursed under its order in accordance with the result of that appeal.

The principal question for decision is whether the provision of the Workmen's Compensation Act (Code, art. 101, sec. 56), that appeals from orders of the State Industrial Accident Commission "shall not be a stay," is valid. It is provided by the same section that "any employer, employe, beneficiary or person feeling aggrieved by any decision of the commission affecting his interests" may have its action reviewed by appeal to the circuit court for the county, or the common law courts of Baltimore City having jurisdiction over the place where the accident occurred or over the person appealing, and the court "shall determine whether the commission has justly considered the facts concerning injury, whether it has exceeded the powers granted it by the article, whether it has misconstrued the law and facts applicable in the case decided," and if the court "shall determine that the commission has acted within its powers and has correctly construed the law and facts, the decision of the commission shall be confirmed, otherwise it shall be reversed or modified." There are provisions that upon motion by either party to the appeal any question of fact involved in the case shall be submitted to a jury, and that the proceed-

ings shall be "informal and summary" but "full opportunity to be heard shall be had before judgment is pronounced."

It was held in *Solvuca v. Ryan & Reilly Co.*, 131 Md. 265, that since the act provided for jury trials on appeal, its validity could not be denied on the theory that it disregarded the requirement of the Maryland Constitution (article 15, section 6), that the "right of trial by jury of all issues of fact in civil proceedings in the several courts of law in this state, where the amount in controversy exceeds the sum of five dollars, shall be inviolably preserved," and the provision of section 40 of article 3, prohibiting the passage of any law authorizing private property to be taken for public use without just compensation as agreed by the parties or awarded by a jury. The opinion in that case referred to *Frazier v. Leas,* 127 Md. 572, where the court said that it was the evident intent of the act to secure to the party appealing the benefit of the constitutional provision just quoted. It is contended that, while the right to a jury trial is definitely recognized by the Workmen's Compensation Act, the practical value of that right would be seriously and unconstitutionally impaired for employers and insurers appealing from awards of compensation if, because of the unqualified declaration in the act that an appeal shall not be a stay, they may be forced to pay the awards before their appeals are tried and determined.

As the statute actually provides for jury trials, it was not necessary to consider and determine, in either of the cases cited, whether the act would be invalid in the absence of such a provision. An application by an injured workman, or his dependents, under the act, could not properly be classified as a civil proceeding in a court of law within the meaning of the quoted section of the State Constitution. It was the expressed purpose of the statute that such claims should be "withdrawn from private controversy," and that "sure and certain relief for workmen injured in extra-hazardous employments and their families and dependents" should be thereby provided for, "regardless of questions of fault and to the exclusion of every other remedy * * *." The

legislation to that end was enacted in the declared exercise of the police power of the state. In acting upon claims for compensation the State Industrial Accident Commission is not "bound by the usual common law or statutory rules of procedure * * *, but may make the investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit" of the act. Compensation to meritorious claimants must be awarded in accordance with the statutory schedules. In *Solvuca v. Ryan & Reilly Co.,* 131 Md. 284, the court said that the commission is an administrative body, and while it is required to exercise judgment and discretion and to apply the law to the facts, it is not vested with judicial power in a constitutional sense. The procedure on appeal from decisions of the commission is directed to be "informal and summary," and the function of the jury trying the issues of fact on appeal does not include the duty or right to fix the amount of the allowable compensation. *Schiller v. Balto. & O. R. Co.,* 137 Md. 235. It is clear, therefore, that the method prescribed by the act for the determination of an applicant's right to its specified benefits is essentially different from a civil proceeding in a court of law to recover an "amount in controversy."

The Constitution of Maryland contains another provision relating to the right of jury trial. It is provided by article 5 of the Declaration of Rights: "That the inhabitants of Maryland are entitled to the common law of England, and the trial by jury, according to the course of that law, * * *". The constitutionality of the Workmen's Compensation Act of Maryland was sustained in *Solvuca v. Ryan & Reilly Co., supra,* as an exercise of the State's police power. The relief which it provides for injured workmen and their dependents is avowedly at variance with the common law. The preamble of the act states the realization of the State of Maryland "that the prosecution of various industrial enterprizes which must be relied upon to create and preserve the wealth and prosperity of the State involves injury to large numbers of workmen, resulting in their partial or total inca-

pacity or death, and that under the rules of the common law and the provisions of the statutes now in force an unequal burden is cast upon its citizens, and that in determining the responsibility of the employer on account of injuries sustained by his workmen, great and unnecessary cost is now incurred in litigation, which cost is borne by the workmen, the employers and the tax payers, in part, in the maintenance of courts and juries to determine the question of responsibility under the law as it now exists"; and that the "common law system governing the remedy of workmen against employers for injuries received in extra hazardous work is inconsistent with modern industrial conditions; and injuries in such work, formerly occasional, have now become frequent and inevitable."

It having been determined by this court that the abrogation by the act of common law causes of action and grounds of defense, in the class of cases to which it is applicable, and the substitution of a more simple and summary procedure and remedy, was a competent exercise of legislative authority, there would be apparent inconsistency in holding, nevertheless, that a right of jury trial according to the course of the common law must in such cases be recognized and unqualifiedly enforced. The valid use of the police power for the remedial objects of the act placed it beyond the purview of the due process clause of the Federal Constitution and the equivalent provision of the organic law of Maryland. *New York Central R. Co. v. White,* 243 U. S. 188; *Solvuca v. Ryan & Reilly Co., supra; American Coal Co. v. Allegany County,* 128 Md. 564.

In 28 *R. C. L.,* 744, it is said to be settled "that the workmen's compensation acts, or the industrial insurance acts, are not deemed to be invalid by reason of the fact that a jury trial is denied to employers or employees who come within the scope of their provisions." In support of that statement the following cases are cited: *Hawkins v. Bleakly,* 243 U. S. 210, Ann. Cas. 1917D, 637; *Mountain Timber Co. v. State,* 243 U. S. 219, Ann. Cas. 1917D, 642; *Deibeikis v. Link Belt Co.,* 261 Ill. 454, Ann. Cas. 1915A, 241; *Hunter*

*v. Colfax Consol. Coal Co.,* 175 Iowa, 245, Ann. Cas. 1917E, 803, L. R. A. 1917D, 15; *Brost v. Whitall-Tatum Co.,* 89 N. J. L. 531, L. R. A. 1917D, 71; *State v. Clausen,,* 65 Wash. 156, 37 L. R. A. (N. S.), 466; *State v. Mountain Timber Co.,* 75 Wash. 581, L. R. A. 1917D, 10; and reference is made to notes in *L. R. A.* 1916A, 426; *L. R. A.* 1917D, 56, and *Ann. Cas.* 1916B, 1286; *Ann. Cas.* 1918B, 612.

In some of those cases the statutes under consideration were optional, and the acceptance of their provisions was regarded as a waiver of any objection that no opportunity for a jury trial was afforded. But the Maryland act is compulsory, and, in discussing such an act, with reference to a contention that it interfered with a constitutional right of trial by jury, the Supreme Court of Washington, in *State v. Clausen, supra,* said: "The act here in question takes away the cause of action on the one hand, and the ground of defense on the other, and merges both in a statutory indemnity fixed and certain. If the power to do away with a cause of action in any case exists at all in the exercise of the police power of the state, then the right of trial by jury is thereafter no longer involved in such cases. The right of jury trial being incidental to the right of action, to destroy the one is to leave the other nothing upon which to operate." In regard to the same statute, the Supreme Court of the United States said, in *Mountain Timber Company v. State,* 243 U. S. 219. "As between employee and employer, the act abolishes all right of recovery in ordinary cases, and therefore leaves nothing to be tried by jury."

In *Baltimore v. Bloecher & Schaaf,* 149 Md. 648, it was held that an ordinance providing for the inspection of meat, the condemnation and destruction of meat products found to be unfit for use as food, and for the revocation by the health commissioner of the license of any dealer violating the ordinance, but permitting appeals only on questions of law, was not invalid on the ground that it did not also allow appeals on issues of fact.

Unless we were disposed to disregard the trend of our own decisions, and those of other courts in analagous cases, we could not conclude that a provision for jury trial on issues of fact is essential to the validity of the Workman's Compensation Act of Maryland. Therefore, the condition which it imposes upon the right of jury trial voluntarily conferred by it is not a sustainable cause of complaint. The right of the Legislature to provide that an appeal from a decision of the State Industrial Accident Commission shall not be a stay could not be denied consistently with the principle upon which the general validity of the act has been adjudicated. Its design was to ensure speedy, as well as certain, relief in proper cases within the scope of its application. That humanitarian policy would be seriously hampered if the weekly payments of compensation awarded by the commission could be suspended because of an appeal. In providing that an appeal should not be a stay the statute was simply adopting a necessary expedient to accomplish one of the important purposes for which it was enacted.

It is our conclusion that the insurer was not entitled to an injunction against the suit by the claimant on the award of the commission, and the order enjoining the suit was therefore reversed by the *per curiam* order heretofore filed.