MICHE PETILLO *v.* EMMA STEIN, ET AL.

[No. 38, January Term, 1945.]

*Decided May 16, 1945.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, HENDERSON, and MARKELL, JJ.

*Edwin S. Panetti* for the appellant.

*Roszel C. Thomsen,* with whom were *Clark, Thomsen & Smith* on the brief, for the appellees.

MARBURY, C. J., delivered the opinion of the Court.

The appellant (claimant) in this case was awarded compensation by the State Industrial Accident Commission on February 10, 1944, for permanent partial disability at the rate of $18 per week for 212 weeks, making a total award of $3,816. At the hearing before the Commission he claimed that he was permanently totally disabled. The appellees (employer and insurer) claimed that he was permanently partially disabled to a lesser extent than would justify the maximum award which he was given. Claimant appealed on March 3, 1944, and the employer and the insurer appealed on March 9, 1944. On April 6, 1944, the attorney for claimant filed a petition for an attorney's fee and on May 8, 1944 he was allowed the sum of $600 to be paid in a lump sum by commutation of 36 weekly payments at a discount of 3 per cent. by an order of the Commission. In another order passed on the same day, the Commission ordered that compensation for 96 weeks be commuted at a discount of 3

per cent. and paid in a lump sum, and that this lump sum of $1,585.61 be paid to the claimant. On June 10, 1944, the Commission ordered a payment to the claimant's physician of $200 converted from the final weeks of compensation, and on August 23, 1944, another order was passed by the Commission commuting 14⅚ weeks to $253.50 to be paid claimant in a lump sum. On August 8, 1944, prior to the passage of the last commutation order, the employer and the insurer filed a motion in the Court of Common Pleas of Baltimore City, where the appeals were pending, to dismiss claimant's appeal because of the two commutations provided by the orders of the Commission of May 8, 1944. It is stated in the motion, and admitted, that the employer and the insurer complied with the orders by paying the lump sums, and did not appeal therefrom. It does not appear in the record that any objection was made before the Commission to the passage of these orders, or that any application was made to the Commission to withhold action until the appeal was heard, but the appellees contend that the claimant, having asked for and received these lump sum payments, is now estopped from prosecuting his appeal. On September 19, 1944, the Court of Common Pleas of Baltimore City granted the motion of appellees to dismiss claimant's appeal, and entered "judgment for defendants, dismissing appeal." From this judgment, an appeal was taken here.

Under the four orders of commutation, without considering the discount, there were paid the equivalent of weekly payments amounting to $648, $1,728, $200 and $253.50, or a total of $2,829.50, leaving a balance under the original award of $986.50, much of which has already been paid to the appellant in weekly instalments. If the appellees should be successful on their appeal in establishing that the permanent partial disability is less than that found by the Commission, not only the balance may be wiped out, but the award may be cut down to much less than the amount already paid. On the other hand, if appellant's appeal is permitted, and his claim that he is

permanently totally disabled is upheld, he may receive as much as $6,000. The accident occurred on November 4, 1942, prior to the passage of Chapter 126 of the Acts of 1943, which raised this amount to $7,500. Code, 1939, Article 101, Section 48.

Section 63 of Article 101, Flack's Annotated Code, provides "In every case providing for compensation to an employee or his dependent, excepting temporary disability, the Commission may, if in its opinion the facts and circumstances of the case warrant it, convert the compensation to be paid in a partial or total lump sum." This section (then Section 51) was construed by this court in the case of *Victory Fireworks, etc., Co. v. Saxton,* 170 Md. 446, 185 A. 123. It was there held that the legislative intent embodied therein was as stated by the Legislature, but that the action of the Commission under this section was subject to the provisions respecting appeals under Section 70 (then Section 56). See also *Howard Contracting Co. v. Yaeger,* 184 Md. 503, 41 A. 2d 494.

One of the provisions respecting appeals, found in Section 70 of Article 101, is that an appeal shall not be a stay. This was considered by this court in the case of *Branch v. Indemnity Insurance Co.,* 156 Md. 482, 144 A. 696. The employer and the insurer had appealed to court from an award made against them by the Commission. Pending hearing of their appeal, they had not paid the weekly compensation allowed. As the Commission had no power to enforce its own awards (*Mattare v. Cunningham,* 148 Md. 309, 129 A. 654), the claimant brought suit against the insurer. Thereupon the latter filed a bill in equity to restrain the prosecution of that suit until the termination of its appeal. Its contention was that the provision that an appeal should not be a stay was unconstitutional, because it deprived an appellant of what it was claimed was a constitutional right of trial by jury. This court held that there was no such constitutional right, that the right of trial by jury given was statutory, and that the legislature could properly impose conditions

forbidding a stay upon such a statutory right. Such authority in the Legislature could not be denied consistently with the principle upon which the general validity of the Workmen's Compensation Act had been adjudicated. "Its design was to insure speedy, as well as certain, relief in proper cases within the scope of its application. That humanitarian policy would be seriously hampered if the weekly payments of compensation awarded by the commission could be suspended because of an appeal. In providing that an appeal should not be a stay, the statute was simply adopting a necessary expedient to accomplish one of the important purposes for which it was enacted." [156 Md. 482, 144 A. 698.]

The Branch case involved only the stay of weekly payments. Failure to get a stay of converted lump-sum payments, especially if they consume the whole of the award, may raise other questions under some conditions. We are concerned here, however, only with statutory provisions. No question arises of judicial relief where substantial fundamental rights are violated by arbitrary or unreasonable administrative action without adequate statutory remedy. *Baltimore v. Bloecher & Schaaf*, 149 Md. 648, page 661, 132 A. 160; *Petrushansky v. State*, 182 Md. 164, 32 A. 2d 696; *Dal Maso v. Commissioners*, 182 Md. 200, 34 A. 2d 464, cf. *Hecht v. Cook*, 184 Md. 271, 40 A. 2d 673. The Legislature did not qualify its requirement that an appeal shall not be a stay, and we cannot attach any conditions to it. We must hold, following our previous decisions, that it applies to all appeals including those from converted or commuted awards. *State Accident Fund v. Jacobs' Adm'r*, 140 Md. 622, page 633, 118 A. 159, 24 A. L. R. 434; *Paul v. Glidden Co.*, 184 Md. 114, 39 A. 2d 544; *Howard Contracting Co. v. Yaeger, supra.*

The remedy asked by appellees is unrelated to their damages. They contend that appellant is estopped from prosecuting his own appeal because he accepted payment of the lump-sum awards, and thereby prevented them from getting any of the practical benefit which might

result, were their contentions sustained on appeal. In the case of *Bethlehem Steel Co. v. Mayo,* 168 Md. 410, 177 A. 910, 911, the claimant had been awarded permanent partial disability occasioned by a fifty per cent. loss of use of his left leg. The claimant appealed from that award. Pending the appeal, the employer paid and the claimant accepted compensation. The employer moved to dismiss claimant's appeal on the ground that, by accepting such payments, he waived the right of appeal. After that motion was overruled, the case was tried and the jury found the claimant had suffered 100 per cent. loss of use of his leg. On that verdict judgment was entered to reverse the order of the Commission, and to increase the permanant partial disability from 50 per cent. to 100 per cent. An appeal was taken from that judgment. The first question presented was whether the appeal should have been dismissed. This court agreed with the trial court, saying "The general rule is that one cannot at the same time accept the benefits accruing to him under a judgment, order, or decree, and attack its validity by appealing therefrom, unless the right to appeal under such circumstances is given by statute * * * but that rule does not apply where the right to the benefit received is conceded by the opposite party, or where the appellant would be entitled thereto in any event." And later "Construed in connection with the principle that the general rule that one cannot take the benefits under a judgment, order, or decree and at the same time attack its validity does not apply where the right to the benefits actually received is conceded by the opposite party, the language of the statute that an appeal shall not be a stay, applies at least to that extent to cases where the employee appeals as to those in which the employer appeals. Any other conclusion would be wholly inconsistent with the legislative intent as declared in the Workmen's Compensation Act (Code, Pub. Gen. Laws, 1924, Art. 101, as amended), as well as with the construction placed upon that part of it in *Branch v. Indemnity Ins. Co., supra.* The motion to dismiss was therefore properly overruled."

In the case before us, the appellaant exercised a right given him by statute to ask the Commission to have some of the award made paid at once in lump sum payments. He also exercised the right given him by statute to take an appeal from an award given him by the Commission in order that he might get a larger award to which he thought he was entitled. The statute does not require him to waive any rights when asking for commutation, and the acceptance of the lump-sum payments affects in no possible way the appeal he has taken. There is nothing in the statute to prevent appellant from accepting what was awarded him, either in weekly payments or in lump-sum payments, and from at the same time prosecuting his appeal in order to have it determined whether the amount he was awarded was too little. The appellees cannot be harmed by the prosecution of the appellant's appeal. If it does not succeed, they will still be obliged to pay the original award. If the appellant is successful in his appeal, the result will be that appellees will have to pay more and not less.

There is a recognized rule that one having an option to exercise rights without reference to the consent of the other party to the transaction, is bound by his exercise of the option. This is sometimes known as the doctrine of election, and is a species of estoppel, although some courts have applied it in cases where the other party would not be injured by the failure to require a choice. In some cases involving it, the language of the Scottish law has been adopted; namely, that a litigant shall not be allowed to approbate and to reprobate. *Tremarco v. Tremarco,* 117 N. J. Eq. 50, 174 A. 898; *Riley v. Cumberland & M. R. Co.,* 234 Ky. 707, 29 S. W. 2d 3. That doctrine has been applied in this State where a mortgagee appealed from an order enjoining him from foreclosing for claimed prior defaults but permitting him to foreclose for any subsequent default. Pending the appeal, the mortgagee advertised the mortgaged property for sale for a subsequent default, under the authority of the order appealed from. This court said "He thus acquiesced

in, and invoked the authority of, the very order from which he had appealed, and when the mortgagor applied for an injunction to restrain the sale the appellant set up the order as evidence of his right to sell. Under these circumstances, he cannot be permitted to question the validity of the order. * * * By availing himself of the benefit of the order he thereby elected to abide by its validity. For these reasons the appeal will be dismissed." *Stewart v. McCaddin*, 107 Md. 314, 68 A. 571, 573. The doctrine, however, should only be applied to actions taken by the same litigant which are necessarily inconsistent. In the case before us, appellant's position that he is entitled to the commutation of the award made is not inconsistent with his claim on appeal that he is entitled to more. The doctrine upon which it is sought to bar his appeal is a severe one, which it is now generaly held should not be extended. See *National Transportation Co. v. Toquet*, 123 Conn. 468, 196 A. 344. *Friederichsen v. Renard*, 247 U. S. 207, 62 L. Ed. 1075; 28 *C. J. S., Election of Remedies*, Sec. 1, p. 1058, and cases there cited. In the case of *Bethlehem Steel Co. v. Mayo, supra,* this court held this doctrine inapplicable in compensation cases where the claimant alone appealed. We now hold it is also inapplicable where both parties appeal.

The appeal affected here is the appeal of the appellees, and not the appeal of appellant. If the former's appeal will no longer be of value to them when heard, that is not the result of appellant's appeal, and has no connection with it. It is the result of the action of the Commission in making the lump-sum awards. Such action is within the discretion of the Commission, in the first instance, with always, however, a right of appeal on the law and the facts. The statute is passed in the exercise of the police power, and in the absence of violation of some principle of fundamental law, it is not subject to judicial attack. *Solvuca v. Ryan & Reilly Co.,* 131 Md. 265, 101 A. 710; *Paul v. Glidden Co., supra; Howard Contracting Co. v. Yeager, supra.* The policy of the statute does not favor lump-sum awards. They are the exception rather

than the rule. While necessary in some cases, they are not made of right. The Legislature wisely left the determination of when they should be made, and to what extent, in the discretion of the administrative body charged with special knowledge of the subject. This authority given to the Commission is safeguarded by ample opportunity for review by the courts. In cases where an appeal by the employer and the insurer is pending, the Commission should be careful to see that no damage is done to their fundamental rights by granting a request for a lump-sum conversion. On the other hand, there may be cases in which converted awards are very necessary for the proper care of injured workmen and their dependents. We cannot assume, in the case before us, that the Commission did not properly consider all the circumstances before it acted.

The appellees were not left without remedy by the statute. They could have protested before the Commission made the lump-sum commutations, if they knew of the applications. If they did not know of the applications, they could have asked for a re-opening of the case, when they found the commutations had been ordered, so that they could present the question of the propriety of granting such applications pending their appeal. If they were entirely unsuccessful in all such efforts before the Commission, they could have appealed from each lump-sum award and from any decisions of the Commission, declining to postpone such awards until their appeal was heard. The appellees could have asked the court for immediate hearings on such appeals. If unsuccessful in the trial court, they could have appealed here, with precedence over all cases except criminal cases. Code, 1939. Art. 101, Section 70. None of these steps was taken. On the contrary, the transcript of record from the Commission was filed in the Court of Common Pleas on May 22, 1944, which was two weeks after the first two commutation orders were passed, and before any of the others were passed. On June 8, 1944, when the case was presumably ready for hearing, the record shows it was con-

tinued by agreement. It does not appear that the appellees had any desire for an early hearing of their appeal. It might be suggested that their conduct indicated satisfaction with the award already made, and with the commutations of that award, provided they could prevent its enlargement on appellant's appeal. They seem to have been more concerned with preventing appellant's appeal, than with prosecuting their own.

The Workmen's Compensation Law gives the right to ask for lump-sum payments and the right to receive them, if granted, without any effect on any appeal taken either by the claimant or by the employer and insurer. No conditions are attached by the statute to the right to ask for the commutation or conversion. The Commission does not have to grant it. The appellees did not protest. The statute gave them ample opportunity to show both the Commission and the courts in what manner they would be hurt. They could have had that question passed upon promptly. They chose instead to try to take from appellant his right of appeal, which by the terms of the statute is as unrestricted as theirs. Their situation is not the result of his appeal, and is not changed, either for the better or for the worse because of his appeal. They had all the remedies they would have had, if no appeal had been taken by him. Their rights should not be increased because he exercised his statutory right. Had the only appeal been that of appellees they would have been in precisely the same situation as that in which they now find themselves. We do not think they are entitled to abandon the statutory remedies given them, and to penalize appellant by taking from him a right the statute gives him.

*Order reversed, with costs.*