BETHLEHEM STEEL COMPANY *v.* TAYLOR

[No. 143, October Term, 1951.]

*Decided April 4, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Kenneth C. Proctor* and *Jesse Slingluff, Jr.*, for the appellant.

*J. Nuelsen Thais*, with whom was *William J. Yarworth* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

The appeal in this Workmen's Compensation case challenges an award by the Commission on July 3, 1951 of a lump sum, without discount, payable from the terminal weeks of a prior award, in order to enable the claimant to pay off his indebtedness incurred in the purchase of an automobile. For the reasons stated in *Bethlehem Steel Co. v. Jackson*, 199 Md. 642, 87 A. 2d 841, just decided, we find error in the disallowance of discount. However, the appellant contends that the Commission abused its discretion in allowing any commutation into a lump sum on the ground that the testimony did not show that it was for the best interests of the claimant.

Taylor was injured on September 10, 1948, and after receiving an award for temporary total disability, received an award on June 29, 1950, for permanent partial disability in the partial loss of use of one hand, payable at the rate of $20.00 per week for 132⅘ weeks.

On May 10, 1951 the claimant applied for a lump sum award of $1,039.00 to prepay the installments on his automobile. It appeared that there was about $1,146.00 still due on the award for partial disability. Upon hearing, it was shown that the claimant purchased a used 1950 Chevrolet on July 17, 1950 after the partial disability award; that he was still employed by the Company

and making the same money as before the accident, from $60.00 to $70.00 a week. He had never owned a car before. By paying off the balance he would save some $200.00 in finance charges and interest. He was twenty-four years old, with a wife and child. He bough! the car "for going back and forth to work, and it is convenient to bring my wife to town and the kid". He lived about a mile from the plant, and if he used the bus he would get there either an hour early or forty-five minutes late for his shift. Since he worked two "turns" instead of three, he could not get regular rides with fellow-employees. He had no money in the bank, but owed no bills. He had kept up the finance payments on the car and paid off some $700.00.

In discussing Section 50, Article 101 of the Code, we said in *Petillo v. Stein*, 184 Md. 644, 652, 42 A. 2d 675, 679: "The policy of the Statute does not favor lump-sum awards. They are the exception rather than the rule. While necessary in some cases, they are not made of right. The Legislature wisely left the determination of when they should be made, and to what extent, in the discretion of the administrative body charged with special knowledge of the subject. This authority given to the Commission is safeguarded by ample opportunity for review by the courts. In cases where an appeal by the employer and the insurer are pending, the Commission should be careful to see that no damage is done to their fundamental rights by granting a request for lump-sum conversion. On the other hand, there may be cases in which converted awards are very necessary for the proper care of injured workmen and their dependents. We cannot assume, in the case before us, that the Commission did not properly consider all the circumstances before it acted." In that case the lump sum awards were for the purpose of paying lawyer's and medical fees, and for the vocational rehabilitation of the claimant, designed to increase his earning power.

On its face, the lump sum award will be beneficial to the claimant, in that he will be enabled to save about

$200.00 in carrying charges at the cost of a presumably smaller sum by way of discount. It has been held, however, that lump sum awards should not be allowed merely to pay debts owed by a claimant, particularly in view of the fact that awards are not attachable. *Bacon v. United Railways,* 51 R. I. 84, 150 A. 818, 69 A. L. R. 544; *Senske v. Fairmont Canning Co.,* 232 Minn. 350, 45 N. W. 2d 640, 649. See also note, 69 A. L. R. 547. We have found no case in which an award for a purpose unrelated to the necessary living or business needs of the claimant, has been approved.

In the instant case, however, there was evidence of a business need. There may be room for a difference of opinion as to the necessity of an automobile under modern living and transportation conditions, and we should not substitute our views for those of the Commission in a matter left to its discretion. It is sufficient if there is substantial evidence to support a finding of need. The appellant points out that the award of $1,039.00 was in excess of the amount necessary to pay the finance company, which informed the Commission on June 7, that if paid before July 17, "the pay-off" would be $993.36. To the extent of the difference, the award was clearly excessive.

For the errors in allowing a greater sum than was shown to be necessary and not allowing a discount, the order must be reversed and the case remanded.

*Judgment reversed, with costs and case remanded.*