Harold CHRISTIANSON, Respondent,

v.

AXEL H. OHMAN CONSTRUCTION COMPANY, et al., Relators.

No. C9–83–903.

Supreme Court of Minnesota.

April 13, 1984.

Curtis C. Gilmore and Janet Monson, Minneapolis, for relators.

John J. Horvei, Roseville, for respondent.

SIMONETT, Justice.

Is an employer or insurer, who mistakenly overpays temporary disability benefits for a 1972 injury, entitled to a credit for the overpayment against an award for permanent partial disability benefits to the employee for the same injury? We hold the employer and insurer are entitled to the credit and reverse the Workers' Compensation Court of Appeals.

Employee Harold Christianson was injured in 1972. In 1976 the compensation judge awarded him temporary partial disability benefits for 350 weeks from September 1, 1975, pursuant to Minn.Stat. § 176.-101, subd. 2 (1971), the statute in effect at the time of his injury. In addition, the compensation judge awarded Christianson permanent partial disability benefits of $3,613.50 to be paid "in one lump sum at the termination of his temporary disability." This award was made pursuant to Minn.Stat. § 176.021, subd. 3 (1971), which provided for payment of permanent partial disability "upon cessation of payments for the healing period."

The 350 weeks for the temporary partial disability payments ended April 25, 1979. Through mistake, the insurer, Bituminous Insurance Company, continued to pay temporary partial benefits until February 24, 1981, with the employee accepting the payments in good faith. Upon discovery of its mistake, the insurer stopped payments but by that time it had overpaid the employee $5,796.20 in temporary partial disability benefits. Employee Christianson then demanded payment of the lump sum permanent partial disability award of $3,613.50. The insurer refused to pay, claiming a right to credit its overpayments against the lump sum award. The insurer concedes that Christianson is entitled to keep the amount he received in overpayments in excess of the lump sum award, this excess amounting to $2,182.70.

In 1972, at the time of the employee's injury, there was no statute dealing with the consequences of a mistaken overpayment of compensation. Relying on the general principle that the law in effect at the time of injury governs, the compensation judge and two members of the Workers' Compensation Court of Appeals held that in the absence of any statutory authority, the employer and its insurer were not entitled to a credit. The employer-insurer bring the issue to us by certiorari.

In 1974 the legislature first passed a statute on overpayment of benefits. The statute, Minn.Stat. § 176.179 (1978), provided that an employer or insurer was not entitled to reimbursement from an employee for mistaken overpayments of compensation if the payments had been received by the employee in good faith. In *Tri-State Insurance Co. v. Bouma*, 306 N.W.2d 564 (Minn.1981), the insurer sought restitution for a 1975 overpayment of permanent partial disability benefits to an employee who had been injured in 1973. We held that the statute applied; that the insurer was not entitled to reimbursement; and that the employee could keep the overpayment because he had received it in good faith. Obviously, the mistaken overpayment did not deprive the employee of any compensation to which he was rightfully entitled under the law in effect at the time of his injury.

Effective August 1, 1979, the legislature added a provision to section 176.179 dealing specifically with claiming a credit:

When the payments [made under mistake of fact or law] have been made to a person who is entitled to receive further payments of compensation for the same injury, the mistaken compensation may be taken as a credit against future benefit entitlement; provided, however, that the credit applied against further payments of temporary total disability, temporary partial disability, permanent total disability, retraining benefits or death benefits shall not exceed 20 percent of the amount that would otherwise be payable.

Act of June 7, 1979, ch. 3, § 49, 1979 Minn. Laws (Ex.Sess.) 1256, 1287.

This 1979 provision first came before us in *Dependents of Lemke*, 291 N.W.2d 378 (Minn.1980). There the employer's insurer overpaid dependency benefits in good faith pursuant to orders of the compensation judge and the Workers' Compensation Court of Appeals. The employee had died in 1976. We observed that the 1979 amendment allowing credit was not applicable. Nevertheless, we directed the Workers' Compensation Division "to follow the spirit of the 1979 amendment" and allow a credit. *Id.* at 383. In other words, we recognized that the insurer should have a credit for mistakenly made overpayments against future liability, but also recognizing that the legislature, by its 1979 amendment of section 176.179, was imposing limitations on this right to credit to avoid undue hardship when the credit, if permitted in full, would exhaust periodic benefits designed either to compensate an employee for lost or reduced earning capacity or to furnish support to his dependents.

■■■■ On further consideration, we now hold that the 1979 amendment is applicable to all claims for credit asserted following its effective date. As already mentioned, allowing this credit does not have the effect of depriving an employee of any compensation to which he was entitled under the law in effect on the date of his injury. We adhere to our belief that the 1979 amendment recognizes the right of an employer-insurer to claim credit against further compensation liability for mistaken overpayment of compensation and merely restricts its exercise against the periodic compensation payments specified in the statute.

■■■■ While section 176.179, as amended in 1979, restricts the amount of credit to an amount not to exceed 20% of the amount otherwise payable, this restriction does not apply to an award for permanent partial disability. Presumably, a permanent partial award is treated differently because it is payable for "functional loss of use or impairment of function, permanent

in nature," Minn.Stat. § 176.021, subd. 3 (1982), rather than for inability to earn or for a reduction in earning capacity. Consequently, in this case, the employer's insurer is entitled to take full credit for its overpayments against employee Christianson's lump sum, permanent partial disability award.

The employee urges, however, that the statute applies only to "credit for future benefit entitlement" and that the permanent partial disability award granted him in 1976 is not a "future benefit entitlement." We disagree. The legislative intent expressed in the 1979 amendment is not to be circumscribed by construing the statutory language so technically. We believe a fair reading of legislative intent is that the employee's lump sum award to which he was entitled only after cessation of the temporary disability payments is, indeed, "further [payment] of compensation for the same injury" and is a "future benefit entitlement." The employee's only other argument, that it is somehow inequitable to permit the credit notwithstanding the overpayment, is equally unpersuasive.

We remand with directions that the requested credit be allowed against the permanent partial disability award.

Reversed and remanded.