511 A.2d 541

**MONTGOMERY COUNTY, Maryland**

v.

**Charles E. LAKE.**

**No. 1441, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

July 9, 1986.

Barbara L. Baldoni, Asst. Co. Atty. (Paul McGuckian, Co. Atty., Clyde H. Sorrell, Deputy Co. Atty. and Corey Belobrow, Asst. Co. Atty., on brief), Rockville, for appellant.

Allen J. Katz, Gaithersburg, for appellee.

Before WEANT, ADKINS and ROSALYN B. BELL, JJ.

ROSALYN B. BELL, Judge.

In this appeal, we are asked to interpret Md.Code Ann. Art. 101, § 56 (1957, 1985 Repl.Vol.) to allow an employer to offset one workers' compensation award against a separate workers' compensation award granted to an injured employee. We decline to do so.

The facts in this case were stipulated by the parties and present a chronological sketch of only the most pertinent events. Charles Lake, a Montgomery County employee, made two claims for workers' compensation benefits. The Workmen's Compensation Commission determined that Mr. Lake sustained a thirty percent industrial loss of the use of his body on the first claim because of injury to his lungs and ordered permanent partial disability benefits of $89.00 per week for a period of 150 weeks. In the second claim, the Commission found that Mr. Lake suffered a five percent loss of the use of his right hand and a fifteen percent loss of the use of his body as a result of injuries to his nose, right shoulder and right elbow sustained after a second unrelated injury. The Commission ordered the payment of permanent partial disability benefits for this injury at the rate of $89.00 per week for a period of 87.5 weeks.

Montgomery County appealed the Commission's orders in both claims. The Circuit Court for Montgomery County granted the County's Motion for Partial Summary Judgment and ordered that the payments awarded under the second claim not be paid until the payments under the first claim were completed. Those payments commenced March 20, 1982.

Subsequently, Mr. Lake applied to the Workmen's Compensation Commission for a lump sum payment of the amount awarded on the first claim. The Commission granted the application and accelerated $4,000.00 of the $4,711.00 then due Mr. Lake under that award. The County subsequently dismissed its appeal under the second claim.

In a trial before a jury, the County succeeded in its appeal on the first claim. The jury reduced the claimant's permanent partial disability from thirty percent to ten percent. The reduction created an overpayment of $8,900.00 in benefits on the first claim, since all of the payments due under that claim had already been made. At the time of the jury decision there remained unpaid, unaccrued permanent partial disability benefits for the second claim amounting to $1,600.00.

In an effort to recoup the overpayment, the County suspended the payment of benefits due under the second claim without either formal notice to the claimant or prior approval by the Commission. Mr. Lake complained to the Commission challenging the cessation of benefits and requesting attorney's fees against the County.

After a hearing, the Commission ruled that the County was not entitled to offset the overpayment in the first claim against the unpaid, unaccrued benefits awarded in the second claim. It also ordered the County to pay $255.00 in attorney's fees to Mr. Lake's counsel.

The County appealed the Commission's orders to the Circuit Court for Montgomery County. The court upheld the decision of the Commission reasoning that "[t]here is a presumption of propriety that attaches to any determination by the Workmen's Compensation Commission...."

Montgomery County appeals asking us to resolve whether

I.     "[t]he Circuit Court used the wrong standard of review in deciding this case.

II.    "[t]he County is entitled to a credit because it seeks to offset the overpayment against prospective benefits of the same type.

III.   "[t]he Commission exceeded its powers to award attorney's fees ... because the proceedings to credit an overpayment were brought upon reasonable grounds."

## REVIEW OF COMPENSATION DECISIONS

The Workmen's Compensation Act was enacted in Maryland in 1914 to provide an expedient and inexpensive method of payment of compensation to injured employees and their dependents. Act of April 16, 1914, ch. 800 Preamble, 1914 Laws of Maryland 1429. The Act is to be liberally and broadly construed in furtherance of the benevolent purpose which prompted its enactment. *Wiley Mfg. Co. v. Wilson,* 280 Md. 200, 217, 373 A.2d 613 (1977); *Howard County Assoc. for Retarded Citizens Inc. v. Walls,* 288 Md. 526, 530, 418 A.2d 1210 (1980). While the Act is to be liberally construed, a court is not at liberty to disregard its plain meaning. *Lockerman v. Prince George's County,* 281 Md. 195, 202 n. 5, 377 A.2d 1177 (1977).

Maryland Code Ann. Art. 101, § 56, *supra,* provides that on appeal from a decision of the Workmen's Compensation Commission, "[i]f the [reviewing] court shall determine that the Commission has acted within its powers and has correctly construed the law and facts, the decision of the Commission shall be confirmed; otherwise it shall be reversed, modified, or remanded to the Commission for further proceedings." In that case, the decision of the Commission is *prima facie* correct and the burden of proof is upon the party attacking its propriety. Md.Code Ann. Art. 101, § 56(c), *supra.* The Court of Appeals has ruled, however, that despite this principle, it has no application when the question is one of law instead of fact. *Symons v. R.D. Grier & Sons Co.,* 10 Md.App. 498, 271 A.2d 398 (1970).

Although we shall affirm the circuit court in part, we do note that it erred when it upheld the Commission's orders based on the principle that decisions of the Commission are *prima facie* correct. The issues presented in this appeal are purely questions of law. Where the facts are proved without contradiction and there exists no dispute as to any material inference of fact, a reviewing court may decide the issue as one of law. *Krell v. Maryland Drydock Co.,* 184 Md. 428, 435, 41 A.2d 502 (1945). Thus no pre-

sumption of correctness attaches to the Commission's interpretations of the pertinent provisions of the statute.

## RECOVERY BACK OR OFFSET

The question presented by this appeal has not been decided in this State. Appellant asserts the overpayment of compensation benefits in one claim can be offset against the same type of benefits awarded in another claim when the latter benefits are unpaid and unaccrued when the overpayment arose.[1] Appellant continues that a credit was necessary to prevent unjust enrichment to the claimant because he received benefits in excess of that which he was entitled.

■ Although the argument of unjust enrichment is attractive in a situation such as this where the claimant is overpaid in excess of $8,900 on a claim, it must nevertheless be rejected. It is firmly established in Maryland that once monies are paid out on a claim, those funds are not recoverable "on any theory," absent fraud, even if the award is reduced or reversed on appeal. *St. Paul Fire & Marine Ins. Co. v. Treadwell,* 263 Md. 430, 439, 283 A.2d 601 (1971). Appellant argues, however, that it is not seeking *recovery back* of funds paid out, but instead is merely *offsetting* funds overpaid in one claim against unpaid, unaccrued funds awarded in a second claim. Appellant suggests that

---

1. Appellant also claims that this case presents a question of first impression in the United States. Our search of the various authorities has unearthed no case exactly on point. However, many jurisdictions have by statute or case law provided for recovery back by the employer if an overpayment occurs, or for a credit against future benefits due under the same claim when overpayment occurs. *See Johnston v. Tony's Pizza Serv.,* 232 Kan. 848, 658 P.2d 1047 (1983); *Danford v. Contract Purchase Corp.,* 333 Mich. 559, 53 N.W.2d 377 (1952); *Christianson v. Axel H. Ohman Constr. Co.,* 346 N.W.2d 654 (Minn.1984); *Battles v. Massman Constr. Co.,* 580 S.W.2d 280 (Mo. 1979); *Belton v. Carlson Transp.,* 714 P.2d 148 (Mont.1986); *Travis v. Liberty Mutual Ins. Co.,* 79 Or.App. 126, 717 P.2d 1269 (1986). Under these different approaches, the issue would not arise.

*St. Paul Fire & Marine Ins. Co., supra,* is therefore inapposite. We disagree.

Whether appellant terms it "offset" or instead "recovery back," the effect is the same. Appellee claimant is deprived of funds awarded to him by the Commission for a separate injury. Let us explain.

### —Offset—

■ The Court of Appeals has held that "[t]he workmen's compensation act establishes a procedure of its own covering every phase of the right to compensation and of the procedure for obtaining and enforcing it, which procedure is complete and exclusive in itself." *St. Paul Fire & Marine Ins. Co., supra* at 436, 283 A.2d 601, quoting *Tompkins v. George Rinner Construction Co.,* 196 Kan. 244, 409 P.2d 1001, 1003 (1966). Thus, in *St. Paul Fire & Marine Ins. Co., supra,* the Court interpreted Art. 101, § 56, *supra* and concluded that since the Act did not provide a procedure for recovery of funds after overpayment, it was the intent of the Legislature to prohibit such a right. *St. Paul Fire & Marine Ins. Co., supra,* 263 Md. at 431, 283 A.2d 601. Similarly, we hold that since the compensation statute does not provide a procedure to offset separate claims when overpayment results, the Legislature did not intend to permit this procedure.

The decision in *Mayor and City Council of Baltimore v. Oros,* 301 Md. 460, 483 A.2d 748 (1984), is apposite to our conclusion as well. In *Oros, supra,* police officers who sustained accidental injuries separately filed compensation claims and the Commission awarded temporary total disability payments for each claimant. Although the awards were granted, the City paid each officer his full wage for all periods of temporary total disability pursuant to a collective bargaining agreement. Subsequently, each claimant sought compensation benefits for permanent partial disability. The City asserted that it was entitled to setoff as against an award of permanent disability the difference between the temporary total disability rate and the full

salary rate paid in lieu of temporary total disability benefits. The Court of Appeals examined Art. 101, § 33, *supra,* providing for a discharge or diminution of compensation benefits by the employer when benefits, pension or otherwise, are furnished to an employee by the employer, and ruled that setoff was not permissible:

> "We find nothing in the provision of § 33 to indicate that the Legislature intended to permit a [government] employer to provide an excess benefit for but one of the disabilities provided in Article 101, § 36[2] and then to suggest it has provided a largess that would lessen or eliminate its liability for the other benefits it is bound by the Act to furnish. Such a contention flies in the teeth of the basic legislative design—that an injured worker (or his dependents) is entitled to receive seriatim the benefits for each of the separate disabilities as were caused by the nature and extent of his injury."

*Oros, supra* at 470, 483 A.2d 748. Similarly, we find nothing in Art. 101, §§ 33, 56 or any other provision to suggest offsetting is permissible.

We disagree with appellants assertion that because appellee's claims both involved only one type of disability—permanent partial—offsetting of compensation benefits is not governed by *Oros, supra.* As the Court recognized, a claimant is entitled to separate benefits for each of his or her separate disabilities. *Id.* at 470, 483 A.2d 748. Merely because appellee's injuries in the case *sub judice* were of the same "type" does not mean that each claim and payment therefore can be merged or combined. Accordingly, offsetting of separate claims is not allowed under Art. 101, *supra.*

The question then becomes whether recovery back of funds is permissible where the sum paid out on a claim was

---

2. Md.Code Ann. Art. 101, § 36 (1957, 1985 Repl.Vol.), provides for four types of compensable injury: permanent total disability, temporary total disability, permanent partial disability, and temporary partial disability.

awarded under the lump sum provisions of the Act. We again must answer in the negative.

## —Lump Sum Recovery—

■ A stay of payments awarded by reason of an appeal challenging the underlying award is prohibited. *Bayshore Industries, Inc. v. Ziats*, 229 Md. 69, 76–77, 181 A.2d 652 (1962). The purpose behind the prohibition is that of affording day-to-day support to an injured employee and his or her dependents. *Id.* at 77. Following this rationale, the Court of Appeals in *St. Paul Fire & Marine Ins. Co., supra*, held that restitution or recovery back of payments would not be permitted because "it is not the intention and spirit of the [Workmen's Compensation] act to allow [an employer] to recover back money paid under an award which already has been spent by a claimant for living expenses. . . ." *Id.*, 263 Md. at 435, 283 A.2d 601, *quoting Tompkins, supra*, 196 Kan. at 247, 409 P.2d at 1003. Although appellant asserts that "[t]he distinction between benefits already paid and those not yet due is crucial," when a lump sum payment has been awarded we see no real distinction.

■ Under Art. 101, § 49, *supra*, the Workmen's Compensation Commission may, "if in its opinion the facts and circumstances of the case warrant it," convert an award into a partial or total lump sum.[3] Lump sum awards are granted in the discretion of the Commission when "necessary for the proper care of injured workers and their dependents." *Bethlehem Steel Co. v. Taylor*, 199 Md. 648, 650, 87 A.2d 844 (1952). These payments are not allowed merely to pay debts owed by claimants, particularly since compensation awards are not capable of being attached or assigned under Art. 101, § 50, *supra*. *See Bethlehem Steel, supra* at 651, 87 A.2d 844. Further, such conversions apparently have not been granted "for a purpose unrelated to the necessary living or business needs of the claimant. . . ." *Id.*

---

**3.** This section does not apply to cases awarding compensation for temporary disability.

Thus, in *Petillo v. Stein,* 184 Md. 644, 42 A.2d 675 (1945), a lump sum conversion was awarded to pay for the claimant's legal and medical fees and vocational rehabilitation. Similarly, in *Bethlehem Steel, supra,* the Court affirmed a lump sum award made to prepay the claimant's installments on his automobile, although the Court did rule that the exact amount awarded was excessive because it allowed a greater sum than was necessary to pay off the balance.

In *Petillo, supra,* however, the Court declared:

"The policy of the statute does not favor lump-sum awards. They are the exception rather than the rule. While necessary in some cases, they are not made of right.... In cases where an appeal by the employer and the insurer is pending, the Commission should be careful to see that no damage is done to their fundamental rights by granting a request for a lump-sum conversion."

*Id.* at 652–53, 42 A.2d 675.

Thus, since lump sum awards are granted only when necessary for the claimant to meet essential expenses, the theory set out in *St. Paul Fire & Marine Ins. Co., supra,* prohibiting recovery back of overpaid benefits paid in installments rather than en masse is equally applicable. In the case of both a periodic award and a lump sum award, it is contemplated that money previously awarded has been spent for expenses. It is unfair in both situations to require a claimant to restitute those funds because of an overpayment on a claim. As the Court made clear in *St. Paul Fire & Marine Ins. Co., supra:*

"As we have said we think the language of our statute, § 56(a), reflects a legislative intent to preclude 'recovery back' *upon any theory,* except fraud perhaps." (Emphasis supplied.)

*Id.,* 263 Md. at 439, 283 A.2d 601.

■ Turning to the case *sub judice,* the record does not reflect that appellant ever challenged the granting of the lump sum award in the first claim although that was its right. *See Victory Fireworks & Specialty Co. v. Saxton,* 170 Md. 446, 185 A. 123 (1936). A challenge would have

been particularly appropriate in light of the admonition in *Petillo, supra*, that when an appeal by the employer on a claim is pending, the Commission "should be careful to see that no damage is done to [the employer's] fundamental rights" by granting a lump sum request. *Id.*, 184 Md. at 653, 42 A.2d 675. Further, appellant dropped its appeal of the Commission's award on the second claim. These decisions of the Commission when unappealed and unreviewed are final. *Cogley v. Schnaper & Koren Construction Co.*, 14 Md.App. 322, 328, 286 A.2d 819 (1972).

The workers' compensation law gave appellee the right to ask for, and receive if appropriate, a lump sum conversion. The Commission did not have to grant such a request. Appellant did not protest, although it had ample opportunity. It could have had the question of the propriety of granting the lump sum passed upon. Instead, however, it chose to wait and withhold payments due in an attempt to offset the overpayment. Due to its inaction, appellant is now foreclosed from seeking redress of that decision.

We are not unmindful of the potential inequities [4] presented by this appeal. Where the claimant invokes his or her right to a lump sum conversion and the conversion is affirmed, the claimant has received a windfall if the underlying award on that claim is subsequently reduced or reversed on appeal. None would disagree in theory that funds which are disbursed without ultimate legal vindication should be recoverable. The short answer to this problem is that protection against such a windfall is provided by the admonition in *Petillo, supra*, and the right to appellate review of a lump sum conversion. The long answer is found in *Paul v. Glidden Co.*, 184 Md. 114, 119, 39 A.2d 544 (1944):

> "There were, in [the compensation statute's] first enactment, certain inequalities which have, from time to time,

---

**4.** Had appellant appealed the lump sum conversion and was unsuccessful on that challenge, the inequities presented in that case would not be potential but instead actual. That is not the case here, however.

been corrected by amendment. There may be need for further amendment. As to this, we express no opinion, as it is not within our province. Some of the present provisions may be inequitable. To consider this, is also outside of the scope of our duties. The enactment is made in pursuance of the police power and the details must be left to the judgment of the Legislature...." (Citation omitted.)

We invite the Legislature to redress the potential inequities presented by this appeal if they consider it appropriate.

## ATTORNEY'S FEES

Appellant finally asserts that the Commission exceeded its powers in awarding attorney's fees against appellant under Md.Code Ann. Art. 101, § 57, *supra*. We agree with appellant.

Article 101, § 57, *supra*, states in part: "If the Commission or the court before which any proceedings for compensation or concerning an award of compensation have been brought, under this article, determines that such proceedings have not been so brought upon reasonable ground, it shall assess the whole cost of the proceedings upon the party who has so brought them, including a reasonable attorney's fee." [5]

The Court of Appeals has held that in reviewing an appeal from the Commission's award of attorney's fees, the court may examine whether the Commission exceeded the powers granted to it under Art. 101, *supra*, and whether it misconstrued the law and the facts applicable to the case. *Mayor of Baltimore v. Bowen*, 54 Md.App. 375, 385, 458 A.2d 1242 (1983).

---

**5.** Under the wording of this section, one could argue that because appellant did not bring the proceedings against appellee, but instead appellee instituted the proceedings, the provisions of Md.Code Ann. Art. 101, § 57 (1957, 1985 Repl.Vol.) are not applicable. We need not address this issue, however, because neither party has raised it before us. Rule 1085.

In the case *sub judice*, appellant concedes that the Commission "express[ed] great displeasure" with it for failing to seek approval of the agency before halting the payment of outstanding monies due on the second claim. We assume from the briefs that the Commission ruled this omission was tantamount to a suit not brought upon reasonable grounds. We disagree with the Commission's characterization.

■ Article 101, § 57, *supra,* specifically mandates that the Commission must find the grounds for the suit were frivolous or unreasonable, and if it so finds, it must award attorney's fees. Whether in the case at bar the proceeding was brought upon reasonable grounds under § 57, *supra,* is a question separate from that of whether appellant failed to follow the proper procedure when ceasing the payment of benefits. Merely because appellant did not invoke proper procedure does not suggest, much less establish, that the grounds for the suit were without merit. The Commission misinterpreted § 57, *supra,* and thus erred when it considered the procedure utilized rather than the underlying grounds for the suit.

■ Moreover, although the question of the reasonableness of the grounds for a suit is a question of fact for the Commission governed by the substantial evidence test,[6] we point out that a theory that attempts to expand existing legal boundaries or tests new legal waters is not necessarily a suit not brought upon reasonable grounds.

Recently, in *Blanton v. Equitable Bank, National Association,* 61 Md.App. 158, 485 A.2d 694 (1985), Judge Adkins, writing for this Court, granted a motion for attorney's fees in an appeal challenging the denial of a continuance in a pending civil suit. In awarding fees, Judge Adkins stated that "the appeal was without substantial justification. It

---

**6.** *See Baltimore Lutheran High School Ass'n v. Employment Sec. Admin.,* 302 Md. 649, 661, 490 A.2d 701 (1985) ("The substantiality of the evidence is the common denominator of the scope of judicial review with respect to all administrative agencies.")

was not an attempt at 'innovation or exploration beyond existing legal horizons.' ... It was frivolous because it 'indisputably had no merit....' " *Id.* at 165–66 (citations omitted).

Appellant's claim for offset appears to be a legitimate attempt at legal innovation and exploration. *Blanton, supra* at 165. We have expressly stated that "[a] litigant ought not to be penalized" for testing new legal theories. *Dent v. Simmons,* 61 Md.App. 122, 128, 485 A.2d 270 (1985). "[A]ny less stringent predicate for the recovery of attorney's fees would have a chilling effect on parties who, for example, may unsuccessfully attempt to raise questions of first impression and may deter the future growth of the law by exacting a price for today's unavailing efforts seeking its change." *Id.* at 128, 485 A.2d 270, *quoting T.I.E. Communications, Inc. v. Toyota Motors Center, Inc.,* 391 So.2d 697, 698 (Fla.Dist.Ct.App.1980). Accordingly, the award of attorney's fees was erroneous.

JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.

CASE REMANDED FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION.

COSTS TO BE PAID ONE–THIRD BY APPELLANT AND TWO–THIRDS BY APPELLEE.