724 A.2d 743

**Brenda F. MILLER**

v.

**SEALY FURNITURE COMPANY, et al.**

No. 328, Sept. Term, 1998.

Court of Special Appeals of Maryland.

Feb. 25, 1999.

Anne E. Hoke (Ingerman & Horwitz, on the brief), Baltimore, for Appellant.

W. John Vernon (Lord & Whip, P.A., on the brief), Baltimore, for Appellees.

Argued before HARRELL, JAMES S. GETTY (Ret'd, Specially Assigned), and ESSOM V. RICKS, Jr. (Specially Assigned), JJ.

ESSOM V. RICKS, Jr., Judge, Specially Assigned.

The question presented in this appeal is whether the Workers' Compensation Commission may order that an overpayment of temporary total disability benefits be deducted from the payment of permanent partial disability benefits subsequently awarded for the same disability.

On January 12, 1989, after working for eight years as an upholsterer for Sealy Furniture (Employer), Brenda F. Miller (Claimant) became disabled as a result of carpel tunnel syndrome, an occupational disease. She filed a claim with the Workers' Compensation Commission and was awarded temporary total disability benefits. On July 10, 1990, the Commission approved a stipulated rehabilitation plan and ordered payment of compensation benefits for vocational rehabilitation at the temporary total disability rate during the continuance of the Claimant's period of vocational rehabilitation. Although vocational rehabilitation services ended in August of 1994, benefits were paid until February 1, 1995.

When it was determined that the Claimant had reached maximum medical improvement, a hearing was held to determine the nature and extent of her permanent partial disability. The Employer and its insurer requested a credit for overpayment of vocational rehabilitation benefits from August 26, 1994, through February 1, 1995. On June 12, 1996, the Commission entered an order that included the following:

1. *TEMPORARY TOTAL DISABILITY:* Paid during the period beginning January 13, 1989 and ending February 1, 1995 inclusive; based on an average weekly wage of $391.00 for an accidental injury sustained on January 12, 1989.

2. *PERMANENT PARTIAL DISABILITY:* Resulting in 15% loss of use of the right hand; at the rate of $82.50, payable weekly, beginning February 2, 1995, for a period of 37.5 weeks, subject to a credit for overpayment of temporary total disability benefits from August 26, 1994 through February 1, 1995.

Although the Commission referred to the occupational disease as "an accidental injury" and to the vocational rehabilitation benefits as "temporary total disability benefits," the distinction is not legally significant in this case. We shall therefore treat them, as did the Commission, as legally equivalent. *See Fikar v. Montgomery County,* 333 Md. 430, 437–38, 635 A.2d 977 (1994).

The Claimant sought judicial review of the Commission's order in the Circuit Court for Wicomico County. The Employer and its insurer sought partial summary judgment on the issue of the credit, which the court granted. After a jury awarded the Claimant a 25% loss of use of her right hand, she took the instant appeal.

■ The Claimant–Appellant contends that the Commission erred in awarding the offset or credit in this case and that the court erred in affirming it. She asserts that the absence of legislative authority to grant such a credit indicates that no such authority exists. We agree.

Although the precise question presented in this appeal has not been decided in this State, a similar question was presented in *Montgomery County v. Lake,* 68 Md.App. 269, 511 A.2d 541 (1986). In that case, we were asked to decide whether an employer was allowed to offset the overpayment of one workers' compensation award against a separate workers' compensation award granted to the injured employee. Judge Rosalyn B. Bell observed for this Court:

The Court of Appeals has held that "[t]he workmen's compensation act establishes a procedure of its own covering every phase of the right to compensation and of the procedure for obtaining and enforcing it, which procedure is complete and exclusive in itself." *St. Paul Fire & Marine Ins. Co. [v. Treadwell,* 263 Md. 430] at 436, 283 A.2d 601, quoting *Tompkins v. George Rinner Construction Co.,* 196 Kan. 244, 409 P.2d 1001, 1003 (1966). Thus, in *St. Paul Fire & Marine Ins. Co., supra,* the Court interpreted Art. 101, § 56, *supra* and concluded that since the Act did not provide a procedure for recovery of funds after overpayment, it was the intent of the Legislature to prohibit such a right. *St. Paul Fire & Marine Ins. Co., supra,* 263 Md. at 431, 283 A.2d 601. Similarly, we hold that since the compensation statute does not provide a procedure to offset separate claims when overpayment results, the Legislature did not intend to permit this procedure.

68 Md.App. at 275, 511 A.2d 541.

That reasoning was reaffirmed (and *Lake* quoted with approval) in *Philip Electronics v. Wright,* 348 Md. 209, 223, 703 A.2d 150 (1997):

We find the reasoning of the *Treadwell* court persuasive in this case. The fair inference is that the General Assembly, having made no provision allowing an employer to offset payments made prior to the reduction of an award against subsequent, recalculated benefits, considered and rejected such a possibility. *See Treadwell,* 263 Md. at 437–38, 283 A.2d at 605; *see also Montgomery County v. Lake,* 68 Md.App. 269, 275, 511 A.2d 541, 544 (1986) ("Since the compensation statute does not provide a procedure to offset separate claims when overpayment results, the Legislature did not intend to permit this procedure."). We note that courts from other jurisdictions, in construing analogous provisions of their respective workers' compensation statutes, have drawn the similar conclusion that the absence of legislative authority to grant an employer a credit for previous payments to a claimant indicates that such authority does not exist.

We are convinced that the same principle is equally applicable here. Since the compensation statute does not provide a procedure to offset or credit the overpayment of temporary total disability benefits against a subsequent award of permanent partial disability benefits, we hold that the Legislature intended to prohibit it.

The Employer and its insurer, the Appellees, rely on Md. Code, Labor and Employment, § 9–736(b), which provides that "The Commission has continuing powers and jurisdiction over each claim under this title," and that "the Commission may modify any finding or order as the Commission considers justified." The Appellees argue: "Section 9–736 specifically allows for modification of an order, and the Commission in this case has simply modified the amount of the Appellant's permanent partial disability award by granting the Appellees a credit for the amount they paid that Appellant was not entitled to receive."

We disagree. As we pointed out in *Jung v. Southland Corp.*, 114 Md.App. 541, 549, 691 A.2d 263 (1997):

Generally, § 9–736 confers broad authority upon the Commission to retain continuing jurisdiction over the award in any case in which a prior award has been made, and may make any modification it deems justified. Nevertheless, this does not confer upon the Commission the authority to act outside of the authority conferred by the Act.

The Court of Appeals, in affirming our judgment in that case, said:

To be sure, § 9–736(b) provides the Commission with broad revisory powers with respect to modification of its previous findings and orders. It does not follow, however, that power is unlimited or that the Commission may trump or disregard other Legislative directives....

351 Md. 165, 175, 717 A.2d 387 (1998).

In view of our conclusion that the Commission lacked the authority to grant the credit awarded in this case, we reverse the judgment and remand the case with instructions to re-

mand the matter to the Workers' Compensation Commission for entry of a new award consistent with this opinion and the jury verdict in the circuit court.

**JUDGMENT REVERSED.**

**CASE REMANDED FOR FURTHER PROCEEDINGS.**

**COSTS TO BE PAID BY APPELLEES.**